DE PRATU v. UNITED STATES.

No. 11842.

United States Court of Appeals, Ninth Circuit.

Dec. 13, 1948.

Charles Davidson, of Great Falls, Mont., and Arthur P. Acher, of Helena, Mont., for appellant.

John B. Tansil, U. S. Atty., of Billings, Mont., and Harlow Pease and Emmett C. Angland, Asst. U. S. Attys., both of Butte, Mont., for appellee.

Before HEALY and BONE, Circuit Judges, and BOWEN, District Judge.

BOWEN, District Judge.

This is an appeal by Louis Raphael De Pratu from a conviction on all three counts of an indictment under Section 746 (a)(18), Title 8 U. S. Code [now 18 U.S. C.A. § 911], charging that he on three separate occasions "knowingly, falsely and feloniously represented himself to be a citizen of the United States without having been naturalized or admitted to citizenship and without otherwise being a citizen of the United States."

The charges of the first and second counts are identical except as to the date of the alleged offense. Each of those counts charges that appellant on a stated date so made the false statement of citizenship in an application for a retail liquor license filed with the Montana Liquor Control Board by answering "Yes" to the question "Are you a citizen of the United States?", when appellant was not, and well knew he was not, such a citizen.

The third count charges that appellant so made the false statement of citizenship on September 11, 1946 before a board of special inquiry of the Immigration and Naturalization Service of the United States when, as a witness, he testified that "I acquired United States citizenship through my father who naturalized in the United States when I was a minor" in answer to the question "Of what country are you now a citizen?", when appellant was not, and well knew he was not, such a citizen.

Appellant most strenuously claims as error the trial court's refusal to dismiss each of the three counts for asserted failure to charge an offense against the laws of the United States, and the trial court's denial of appellant's request, made at the conclusion of the Government's case and at the close of all the evidence, for acquittal as to each of the three counts because of alleged insufficiency of the evidence.

■ The attack upon the sufficiency of the indictment is based upon asserted necessity for allegation and proof of fraudulent purpose in the making of the false claim of citizenship. The present statute does not expressly so provide, and from a reading of it it readily appears, contrary to appellant's contention, that Section 746 (a)(18), Title 8 U. S. Code [now 18 U.S. C.A. § 911], under which this indictment was laid, does not by implication or otherwise condition the outlawed offense upon the alleged existence of fraudulent purpose in the mind of the one making false claim of citizenship, although that fraudulent purpose was a necessary ingredient of the similar offense under the previous law which was superseded by said Section 746 (a) (18). We find no error in the trial court's refusal to dismiss any count of the indictment for failure to allege fraudulent purpose or for any other reason.

■ Appellant also contends in effect that the charges and proof do not sufficiently show that his claims of United States citizenship were material to the transactions at hand and were not mere boastful or jesting assertions. But the first two counts charge and the undisputed evidence establishes that the allegedly false claims of citizenship were made in appellant's applications for a Montana liquor license filed with the Montana Liquor Control Board. At the time of such filing, no one but a citizen was eligible for a liquor license under Montana law.

The third count charges and the supporting evidence indicates that the allegedly false claim of citizenship was made by appellant as a witness before a board of special inquiry of the Immigration and Naturalization Service. The evidence further discloses that while so appearing before the board, appellant was testifying in aid of another alien's application for admission to this country to become an employee in appellant's business.

In each instance, the inquiry as to citizenship was made by public officers in furtherance of their official authority and

duty. Obviously, appellant's claim of United States citizenship in response to such inquiry could not be said to have been made as "a mere boast or jest or to stop the prying of some busybody" and meets the requirements of United States v. Achtner, 2 Cir., 144 F.2d 49, that it be not so made.

The Government introduced in evidence appellant's two applications to the Liquor Control Board for a liquor license under Montana law. One application concerned the transaction alleged in the first count and the other application was with reference to the transaction set out in the second count. In each of these applications, appellant answered "Yes" to the question "Are you a citizen of the United States?"

In support of the third count, there is properly in evidence the oral testimony of one of the board members that appellant testified before the board of special inquiry in effect that he was a citizen of the United States, that "they told him he had acquired it (U. S. citizenship) because he came to the United States when he was a young fellow", and that in answer to the question "How did you acquire United States citizenship?" appellant further testified before the board "I didn't, they told me I was under age and that I was a citizen."

In support of the knowingly false claim charge in each of the counts, the Government introduced evidence as follows: (1) the certificate of an official of the Central Office, Immigration and Naturalization Service, to the effect that a search of the national naturalization records, made since the effective date of the Act of September 27, 1906, 34 Stat. 596, disclosed no record evidencing the naturalization of appellant; (2) testimony of an official of the Spokane office of the Immigration and Naturalization Service, with jurisdiction over Montana where appellant has lived for about 20 years, that he found no record in that office showing appellant's naturalization, but that his office's record of non-naturalized aliens did include a person of appellant's name; (3) appellant's application for registration as an alien dated February 8, 1936 wherein appellant said he was an alien; and (4) appellant's Alien Registration Form, dated November 16, 1940 containing the statement that appellant's citizenship was "uncertain, but last of Canada" in answer to the question as to the country of his citizenship.

All of the foregoing evidence was before the jury and was, if believed by the jury as the verdict indicates, sufficient to sustain the verdict of guilty as to each of the three counts.

■ In view of that evidence, especially appellant's own statements in his alien registration forms that he was an alien and that his citizenship was "uncertain, but last of Canada", there is no merit in his contention that the Government failed to sustain its burden of negativing the possibility that appellant had acquired derivative citizenship through his father's possible naturalization when appellant was a minor. At the trial in the court below, appellant elected, as was his right, not to take the witness stand, and there was no evidence of his father's naturalization anywhere at any time. The conviction of appellant on all three counts was amply supported by the evidence introduced by the Government.

■ We are unable to agree with appellant's contention that the trial court was in error for refusing appellant's request to instruct the jury on circumstantial evidence, since all of the substantial evidence submitted to the jury was the direct evidence contained in the public records and oral testimony above mentioned. The instructions given by the Court fully and fairly stated the law applicable to the evidence before the jury. See McCoy v. U. S., 9 Cir., 169 F.2d 776, 784-786.

Appellant in his assignments and written and oral arguments claims other errors, but we have considered all of them and find them without merit.

The judgment and sentence are affirmed.