**SMILEY v. UNITED STATES.**

No. 12375.

United States Court of Appeals
Ninth Circuit.

April 13, 1950.

Rehearings Denied May 11, 1950, and
May 22, 1950.

506

Otto Christensen and Robert Neeb, Jr., Los Angeles, Cal., for appellant.

Ernest A. Tolin, U.S. Attorney, Los Angeles, Cal., for appellee.

Before DENMAN, Chief Judge, and STEPHENS and ORR, Circuit Judges.

ORR, Circuit Judge.

Appellant was convicted on Counts One and Three of an indictment numbered 20,069, and on Count One of an indictment numbered 20,604, charging him with knowingly, wilfully and fraudulently representing to persons having good reason to inquire into the nationality status of appellant, that he, appellant, was a citizen of the United States, whereas in truth and in fact appellant well knew that he was not. 8 U.S.C.A. § 746 (a) (18). [1]

Under the first count of indictment 20,069 the misrepresentation was alleged to have been made to one Thomas A. Cox, an employee of the Police Department of the City of Beverly Hills, California.

Under Count Three of indictment No. 20,069 the misrepresentation was alleged to have been made to one J. E. Siu, a Deputy Sheriff of the County of Los Angeles.

Indictment No. 20,604 charged the misrepresentation to have been made to Deputy Sheriff J. E. Siu on a different date than that charged in Count Three of No. 20,069.

As to Count One of indictment No. 20,069 the evidence discloses that appellant was held as a material witness for interrogation by the Beverly Hills Police Department.

At the time of detention a Police Officer made out a booking slip recording the answers made by appellant to questions asked by a Police Officer.

The recorded answers included appellant's address, phone number, color of hair and eyes, height, weight, age, complexion, build, descent, nationality, that he was born in New York and that he had lived in the United States for life. The above is the substance of all the evidence which is relied on to support Count One. We think it fails to measure up to the requirements necessary to sustain the conviction for the criminal offense charged. The evidence fails to establish beyond a reasonable doubt that appellant falsely represented himself to be a citizen of the United States. A person may be born in the United States and remain therein for life and yet not be a citizen and while it may be that an officer, upon being informed by one whom he has under arrest that he, the party in custody, was born in the United States and had lived therein all his life, would conclude that the person whom he was interrogating was a citizen of the United States, it would be no more than a conclusion reached without the necessary supporting facts.

As to the charge contained in indictment No. 20,604, the evidence establishes that appellant was booked at the Lincoln Heights jail in Los Angeles; that pursuant to custom certain information was obtained from appellant; that answers to questions asked appellant were recorded and that he answered "yes" to the word "citizen", as it appears on the identification report. Again, we think the evidence insufficient to sustain a conviction under this indictment. His answer that he was a "citizen" does not establish that he falsely represented himself to be a *citizen of the United States.*

The Government argues that appellant's answer that he was a *citizen* taken together with a further answer to the word "nativity" appearing on the registration cards as

I. 8 U.S.C.A. § 746. Penal provisions.
    "(a) * * *
    "(18) Knowingly to falsely represent himself to be a citizen of the United States without having been naturalized or admitted to citizenship, or without otherwise being a citizen of the United States." [Revised Criminal Code, 18 U.S.C.A. § 911]

"N.Y." is sufficient. We do not agree. This last above mentioned statement does not sufficiently supply the requirement that in order to sustain the conviction appellant must have falsely represented himself to be a citizen of the United States.

As to Count Three contained in indictment No. 20,069 the evidence is substantially to the effect that appellant was arrested by a deputy sheriff at Los Angeles and booked during the process of which certain information was elicited from him. To one of the questions, "United States Citizen," appellant answered "Yes". This answer is conceded to be false. The problem thus posed is: Does this answer constitute a representation falsely and fraudulently made to a person having good reason to inquire into the nationality status of appellant? The allegations of the indictment and the provisions of sub. par. (18) of § 746 (a) require such a degree of proof to sustain the conviction.

The answer was made to a deputy sheriff acting in his official capacity. The information was sought from appellant under a system and custom in force in the sheriff's office of Los Angeles County which applied to all persons arrested and booked by the sheriff's office. This system was obviously installed under the belief that it would aid in the administration of justice and in obtaining a knowledge of the background of law violators. When the deputy sheriff asked the question he was no "prying busybody" but an official seriously performing a duty imposed upon him by the custom and practice of the sheriff's office. It was in furtherance of his official authority as a deputy sheriff and a duty imposed upon him by his superior. Appellant argues that his citizenship status was immaterial to the gambling charges upon which he was being held as a material witness. Be that as it may, the questions asked, including citizenship status, were material in an overall system for the proper functioning of such an important office as that of sheriff of Los Angeles County and it seems that said office deems it necessary in the administration of their official duties to get the history of arrestees. It is common knowledge that peace officers find it important and helpful in the detection of crime to know as much as possible about known criminals and associates of known criminals and systems of registration are devised for that purpose. Arrestees giving false answers to questions asked undoubtedly do so with a fraudulent purpose of concealing from the peace officers as much as possible about themselves on the theory that the less known about them the greater chance they will have to escape detection in the event of future law violations. Appellant argues that regardless of how he had answered the question of citizenship he would have suffered the identical consequences of being charged with gambling violations and being held as a material witness and that, therefore, there was an absence of proof that the answers were "more than a mere untruth, but were given with intent to defraud". We do not agree. To say that appellant in answering was concerned only with the probable consequences of the particular detention is to take too narrow a view of the existing situation. It is fair to assume that appellant was concerned with future consequences. We think the disclosed record of three arrests and a pending investigation by the Immigration Department on a deportation charge warrants this conclusion. We see no other motive for the false statement than that it was "made with intent to deceive * * * as to a material matter."

Appellant argues that an excuse for the giving of the false answer as to citizenship may be found in the constitutional right against self incrimination. The Constitution grants the privilege to refuse to answer on that ground but it affords no protection against the giving of a false answer.

Congress used broad language in making misrepresentations of citizenship an offense. Taken in a literal sense the language of the statute is sufficiently broad to make it a crime for anyone to knowingly and falsely represent himself to be a citizen of the United States without regard to whether or not the person to whom the false statement is made had good reason to inquire into the nationality status of the party. The courts have placed the latter

508

interpretation on the language and we agree such an interpretation is reasonable but we are unwilling to further extend the language to the extent appellant has asked and say that misrepresentations of citizenship, to be a crime, must be made in answer to an inquiry from one having a legal right to ask in furtherance of official authority and authorized by a law which imposes a duty on a questioned individual to answer. Appellant, in making this argument, is of course referring to the instant case and concedes that answers to persons other than those in official authority can, under certain circumstances, be a violation of the statute. United States v. Achtner, 2 Cir., 1944, 144 F.2d 49. The necessity of keeping a record as to the background of law violators, and the interchange of information among law enforcement agencies which aids in the surveillance of and makes easier the apprehension of known criminals, places peace officers in the class of persons having "some right to inquire or adequate reason for ascertaining a defendant's citizenship." If we correctly understand appellant's argument, he insists that the case of United States v. DePratu, 9 Cir., 1948, 171 F.2d 75, decided by this court, sets up the standard which must be met in order to sustain a conviction under the false representation of citizenship statute, in that this court found that the question of citizenship there was material to the transactions at hand and also that the law gave the authority and imposed the affirmative duty on the officers inquiring to ascertain the citizenship status of the defendant in that action. This court was dealing with the facts of that particular case which it found warranted the conviction. It did not say that less would not suffice. We hold that where some right to inquire exists or the person inquiring has a good and sufficient reason for learning the citizenship of the person asked, it is sufficient, and that the inquiring officer in this case was a person with a right to inquire and a sufficient reason for so doing.

■ Appellant challenges the sufficiency of the indictments. The charging part of the indictments is in the language of the statute. This is sufficient in the instant cases. DePratu v. United States, 9 Cir.,

1948, 171 F.2d 75; United States v. Achtner, 2 Cir., 1944, 144 F.2d 49.

Appellant offered two instructions, Nos. 27 and 30, which were refused by the trial court. These proposed instructions pointed up the theory of the case contended for by appellant. That theory we have rejected; hence, the refusal to give the proffered instructions was not error.

■ Appellant asserts that the court erred in permitting testimony concerning the comity arrangements of public authorities in exchanging information concerning arrestees. As we have stated, we think this comity assists peace officers in the surveillance and apprehension of criminals and furnishes an adequate reason for eliciting the information for purposes of exchange.

Judgments of conviction on Count One, indictment No. 20,069, and of the count contained in indictment No. 20,604, are reversed with directions to the trial court to enter an acquittal on said counts.

Judgment of conviction on Count Three of indictment No. 20,069 is affirmed.