## UNITED STATES v. WEBER.
### No. 10168.

United States Court of Appeals
Seventh Circuit.
Dec. 11, 1950.

Meyers, Meyers & Rothstein, Chicago, Ill. (Harold J. Finder, Chicago, Ill., of counsel), for appellant.

Otto Kerner, Jr., U. S. Atty., Robert J. Downing, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and FINNEGAN and LINDLEY, Circuit Judges.

FINNEGAN, Circuit Judge.

In this case the defendant-appellant, Joseph Weber, was convicted under an indictment which charged that on or about September 27, 1945, he did unlawfully, willfully, knowingly and feloniously falsely represent himself to be a citizen of the United States to an officer of a co-partnership. The misrepresentation was charged to have been made with a fraudulent purpose in that the defendant on said date was making application for employment under a name other than his own, and that in said application he falsely represented himself to be a citizen of the United States for the purpose of obtaining employment in said firm, which was then engaged in war work. The proof established that in making application for employment in the firm named in the indictment the appellant, in answer to the question as to where he was born stated that he was born in "Chicago, Illinois."

In Smiley v. United States, 9 Cir., 181 F. 2d 505, it was held that the defendant, an alien, who, while being booked by a police officer, stated that he was born in New York, and that he had lived in the United States all his life, was not guilty of falsely representing himself to be a citizen of the United States. It further appeared that the same defendant while being booked at a police station, answered affirmatively the question "Are you a citizen"? It was held that this misrepresentation was insufficient to sustain a conviction under the statute making it a felony for any alien to falsely represent himself to be a citizen of the United States. 18 U.S.C.A. § 911.

Certiorari was denied by the Supreme Court in the Smiley case on October 10, 1950, 340 U.S. 817, 71 S.Ct. 48, and on November 13, 1950, the Supreme Court denied a rehearing of the matter, 340 U.S. 885, 71 S.Ct. 192. The Smiley case was called to the attention of the Government but it is completely ignored in the briefs filed on its behalf. We agree with the reasoning in the Smiley case.

Under the circumstances we are constrained to reverse the judgment of the District Court. This makes it unnecessary to consider the other points urged in the briefs filed on behalf of the defendant-appellant.

The judgment of the District Court is reversed.