## UNITED STATES v. FRANKLIN.
### No. 10188.

United States Court of Appeals
Seventh Circuit.

April 11, 1951.

Rehearing Denied May 2, 1951.

Richard L. Ritman, H. B. Ritman, Chicago, Ill., Ritman & Ritman, Chicago, Ill., for appellant.

Otto Kerner, Jr., U. S. Atty., Robert J. Downing, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before FINNEGAN, LINDLEY and SWAIN, Circuit Judges.

FINNEGAN, Circuit Judge.

Defendant, an alien, appeals from a judgment upon the finding of guilty by a jury on all counts of an indictment charging that on six separate occasions he knowingly, wilfully and unlawfully falsely represented himself to be a citizen of the United States without having been naturalized or admitted to citizenship, or without otherwise being a citizen of the United States, whereas in truth and in fact he well knew that he was not a citizen of the United States.

Counts one to five, inclusive, charge a violation of 8 U.S.C.A. § 746(a)(18).

Count six charges a violation of 18 U.S.C.A. § 911. Count seven charges defendant did unlawfully, knowingly and wilfully fail and refuse to register as an alien of the United States in violation of 8 U.S.C.A. §§ 451–460, inclusive, 8 U.S.C.A. § 452.

Defendant contends, as to counts one through six, that the statutes involved are unconstitutional because (a) Congress has no power to enact such legislation, (b) the statutes are repugnant to the tenth amendment because they infringe on police powers reserved to the several states, and (c) the statutes are vague and ambiguous, and that the due process clause of the Fifth Amendment and requirements of the Sixth Amendment are contravened. He further contends that the evidence does not warrant a guilty finding on counts one through six, that prosecution under count seven is barred by the statute of limitations, and that the trial court erred with respect to giving and refusing to give certain instructions.

The evidence for the Government established:

Under count one, that in an interview with two special agents of the Federal Bureau of Investigation, on September 18, 1945, concerning his connection with Artkino Pictures, Inc., a distributor of Russian motion picture films, defendant was asked by one of the agents where he was born and he answered in New York City.

Under the second count, that on October 4, 1947, in an interview with two special agents of the Federal Bureau of Investigation, one of whom was present at the interview September 18, 1945, defendant was told they were investigating his claim to citizenship and his previous claim that he was born in New York City. He was then asked by one of the agents "whether he was a citizen of the United States" and he answered "I am." Three months later, in an interview at the office of the Federal Bureau of Investigation, in Chicago, defendant said he was born in Russia, and that he had previously represented he was born in New York "for good business and social reasons." At this interview he

also said he was not registered under the Alien Registration Act.

Under count three, that on January 25, 1943, the defendant registered to vote, signed duplicate registration cards which contained the statement: "I hereby swear (or affirm) that I am a citizen of the United States * * * and that I am fully qualified to vote and all of the above answers are true." The information on the registration cards was given by defendant under oath to the registration officer. Having thus registered, the defendant appeared on April 11, 1944, in precinct 50, ward 46, in Chicago, and made application for a ballot and voted in the primary election held on that day in Chicago. He signed an application for ballot which contained, among other statements, "I hereby certify that I am registered * * * and I am qualified to vote."

Under count four, that defendant made an application for a ballot and voted in the general election held in Chicago November 7, 1944, in the same precinct and ward. He signed the application for ballot containing the statement: "I hereby certify that I am registered * * * and I am qualified to vote."

Under count five, that in an employment application made by defendant to the Froehling Supply Company on September 4, 1946, he represented he was born in N. Y. C., presumably meaning New York City.

Under count six, that on November 22, 1948, defendant signed and filed an employment application with the Stronghold Screw Products Company, and in answer to the question: "Citizen of U. S.?", defendant answered "Yes."

Under count seven, on September 18, 1945, defendant told a special agent of the Federal Bureau of Investigation that he was not registered under the Alien Registration Act. Other evidence received at the trial showed he was an alien and not registered under the Act. No evidence was offered on behalf of defendant.

The statutes involved relate to the conduct of aliens after their admission into this country and before they become citizens of the United States. In United States ex rel. Volpe v. Smith, 289 U.S. 422, 53 S.Ct. 665, 667, 77 L.Ed. 1298, a deportation case, Justice McReynolds said: "The power of Congress to prescribe the terms and conditions upon which aliens may enter or remain in the United States is no longer open to serious question. Turner v. Williams, 194 U.S. 279, 24 S.Ct. 719, 48 L.Ed. 979; Low Wah Suey v. Backus, 225 U.S. 460, 468, 32 S.Ct. 734, 56 L.Ed. 1165; Bugajewitz v. Adams, 228 U.S. 585–591, 33 S.Ct. 607, 57 L.Ed. 978."

In United States v. Frederick, D.C., 50 F.Supp. 769–772, affirmed 5 Cir., 146 F.2d 488, we find: "that Congress may exclude aliens from the United States, prescribe the conditions under which they may enter, provide for their supervision, regulate their conduct, and fix their rights while here."

The Federal Government has broad constitutional powers in determining when aliens should be admitted to the United States, the period they may remain, regulation of their conduct before naturalization and the terms and conditions of their naturalization. In Hines v. Davidowitz, 312 U.S. 52–66, 61 S.Ct. 399, 85 L.Ed. 581, the Court said: " * * * the regulation of aliens is so intimately blended and intertwined with responsibilities of the national government that where it acts * * * on the same subject, 'the act of congress * * * is supreme'."

Section 746(a)(18), 8 U.S.C.A., has been held constitutional by this court in United States v. Tandaric, 7 Cir., 152 F.2d 3, 5, also in the Second Circuit in United States v. Achtner, 144 F.2d 49. The Tandaric case also held that this section did not contravene the tenth amendment, nor was it repugnant to the due process clause of the Fifth Amendment. We find nothing that conflicts with the Sixth Amendment.

The defendant also contends that the indictment failed to inform him of the nature and cause of the accusation, and is vague and ambiguous. In the disposition of such a contention in the Tandaric case,

the learned judge held that "Men of common intelligence will have little difficulty in determining what is prohibited by it." An indictment which charges a statutory crime by following substantially the language of the statute is amply sufficient provided that its generality neither prejudices defendant in the preparation of his defense nor endangers his constitutional guarantee against double jeopardy, and such rule is especially applicable after verdict. United States v. Achtner, 2 Cir., 144 F.2d 49. An indictment in the wording of the statute is sufficient. Smiley v. United States, 9 Cir., 181 F.2d 505. The statutes in question are not vague and ambiguous, they contain all the elements of the offenses intended to be punished. Congress had the power to enact 18 U.S.C.A. § 911, and the statute does not violate the constitution.

■ A fraudulent purpose in making a false claim of citizenship is not essential to offense under statute and consequently the indictment need not contain an allegation, nor need there be proof as to defendant's fraudulent purpose in making such claim. DePratu v. United States, 9 Cir., 171 F.2d 75. Allegations in the indictment charging a fraudulent purpose are surplusage.

Defendant contends that prosecution under count seven is barred by the three year statute of limitations. The Government urges that this question was not raised in the trial court and is presented here for the first time. The record (p. 146) shows that on May 15, 1950, defendant filed in the office of the clerk of the trial court his motion to dismiss the cause and to acquit the defendant. Point one reads as follows: "That as has been formerly urged before trial all the counts in said indictment should have been and now at the close of all the evidence should be stricken since the offenses therein alleged have been repealed and are *otherwise barred by the statute of limitations in such cases made and provided."* (Emphasis supplied.)

■ A plea of the statute of limitations is a plea in bar and should be presented to and passed upon by the trial court. United States v. Kaiser, 7 Cir., 138 F.2d 219. The plea in this case was not made until the motion for acquittal was presented. The trial court overruled the motion.

Title 8 U.S.C.A. § 452 reads as follows:

"(a) It shall be the duty of every alien now or hereafter in the United States, who (1) is fourteen years of age or older, (2) has not been registered and fingerprinted under section 451 of this title, and (3) remains in the United States for thirty days or longer, to apply for registration and to be fingerprinted before the expiration of such thirty days.

"(b) It shall be the duty of every parent or legal guardian of any alien now or hereafter in the United States, who (1) is less than fourteen years of age, (2) has not been registered under section 451 of this title, and (3) remains in the United States for thirty days or longer, to apply for the registration of such alien before the expiration of such thirty days. Whenever any alien attains his fourteenth birthday in the United States he shall within thirty days thereafter, apply in person for registration and to be fingerprinted. June 28, 1940, c. 439, Title III, § 31, 54, Stat. 673."

Section 457(a) reads as follows: "Any alien required to apply for registration and to be fingerprinted who willfully fails or refuses to make such application or to be fingerprinted, and any parent or legal guardian required to apply for the registration of any alien who willfully fails or refuses to file application for the registration of such alien shall, upon conviction thereof be fined not to exceed $1,000 or be imprisoned not more than six months, or both."

The indictment charges in count seven: "That from August 27, 1940, to and including the date of the return of this indictment at Chicago, State of Illinois, in the Northern District of Illinois, Eastern Division, defendant * * * did then and there unlawfully, knowingly and wilfully fail and refuse to perform the duty of applying for registration as an alien and to be fingerprinted as an alien, and has continuously from the date of the

enactment of said Act refused unlawfully, knowingly and wilfully to apply and register as an alien under said Act."

The defendant did not register under the Act from August 27, 1940 to the date of the indictment. The evidence in the record amply supports the charge in count seven.

In Gancy v. United States, 8 Cir., 149 F.2d 788, 791, the Court said: "This [The Alien Registration Act] was a war measure passed as a safeguard in a time of national stress and should be so construed as to accomplish the purpose of Congress in enacting it." Sections 451–460 should be liberally construed so as to accomplish the legislative purpose of safeguarding the security of the United States. They are regulatory measures to prevent subversive activities.

We believe that Congress intended by this Act to require all aliens, friendly as well as enemy aliens, to register in order to check on their activities, to keep them under surveillance for the security of the country. Defendant's failure to register was a continuing wilful violation of the law, and his plea of the statute of limitations has no merit. The evidence supports his conviction on this count. We find no serious error in the instructions given by the court nor in refusing to give defendant's offered instruction number eleven. Other errors assigned have been considered and lack merit.

The misrepresentation charged in count two, to have been made by the defendant to special agents of the Federal Bureau of Investigation, when in answer to their question: "Are you a citizen of the United States"? he said "I am," is in our opinion, violative of the statute.

As to the charges in counts three and four, it appears that on January 25, 1943, defendant registered to vote, signed duplicate registration cards under oath, each of which contained the statement: "I hereby swear (or affirm) that I am a citizen of the United States * * * that I am fully qualified to vote and that all the above answers are true." Having thus registered, he voted in the primary and general elections held in Chicago in April 1944 and November 1944, respectively, and at each election signed an application for ballot containing the statement: "I hereby certify that I am a registered voter * * * and that I am qualified to vote." Illinois Revised Statutes 1943, ch. 46, § 3–1 provide: "Every person having resided in this state one year, in the county ninety days, and in the election district thirty days next preceding any election therein, *and who shall be a citizen of the United States,* above the age of twenty-one years, shall be entitled to vote at such election." Defendant well knew he was an alien and that he was not a citizen of the United States, nor was he qualified to vote under the Illinois Statute, thus making a false representation of United States citizenship when he voted.

In defendant's employment application made to the Stronghold Screw Products Company, in answering the question: "Citizen of U. S."? he answered "Yes," thus violating section 911, title 18 U.S. C.A., as charged in count six.

Defendant admitted to a special agent of the Federal Bureau of Investigation on January 19, 1948, that he had not registered as an alien under the Alien Registration Act of 1940. Also supporting the charge is Government's Exhibit 9 which shows, according to the records of the central office of Immigration and Naturalization Service of the Department of Justice, that defendant did not register under the Alien Registration Act of 1940. Also evidence of the chief of the mail file and information section of the Immigration and Naturalization Service of the Department of Justice in Chicago that a search of the records disclosed that no alien by the names used by the defendant registered as an alien in that office. The evidence supported the charge in count seven of the indictment.

Evidence offered by the Government in support of counts one and five that defendant represented to special agents of the Federal Bureau of Investigation, and in an application for employment, that he was born in New York City were not sufficient misrepresentation under the law

to sustain conviction under counts one and five. Smiley v. United States, 9 Cir., 181 F.2d 505; United States v. Weber, 7 Cir., 185 F.2d 479. In its brief and oral argument the Government makes such admission, hence the judgment as to counts one and five is reversed.

The credibility of the witnesses, the weight of the evidence, and whether the evidence submitted was sufficient to establish guilt beyond a reasonable doubt, are questions for the jury to determine. The jury believed the witnesses for the Government and brought in a verdict of guilty, thus establishing the fact that defendant did knowingly, wilfully and unlawfully falsely represent himself to be a citizen of the United States and did refuse unlawfully, knowingly and wilfully to register as an alien under the Alien Registration Act of 1940.

In our view, the record fully supports the verdict and judgment as to counts two, three, four, six and seven.

The judgment under counts one and five is reversed. As to counts two, three, four, six and seven the judgment is affirmed.