# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

HUMBERTO JOSE CASTILLO-PENA,
a/k/a Umberto Jose Castillo, a/k/a
Erick Rene Cardona-Lajara, a/k/a
Ronald Delarocha, a/k/a Oscar
Monriel, a/k/a Jimmy Lajara,

*Defendant-Appellant.*

No. 10-5080

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(1:10-cr-00100-GBL-1)

Argued: January 24, 2012

Decided: March 22, 2012

Before WILKINSON, DUNCAN, and AGEE,
Circuit Judges.

---

Affirmed by published opinion. Judge Wilkinson wrote the
opinion, in which Judge Duncan and Judge Agee joined.

---

## COUNSEL

**ARGUED:** Whitney E. C. Minter, OFFICE OF THE FED-ERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Inayat Delawala, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF:** Michael S. Nachmanoff, Federal Public Defender, Caroline S. Platt, Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Jeffrey Brian Bender, Special Assistant United States Attorney, Gene Rossi, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

---

## OPINION

WILKINSON, Circuit Judge:

We must address in this case what may constitute a claim of citizenship under 18 U.S.C. § 911. A jury convicted appellant Humberto Jose Castillo-Pena of falsely representing himself to be a United States citizen in violation of 18 U.S.C. § 911 and of committing identity theft in relation to a false claim of U.S. citizenship in violation of 18 U.S.C. § 1028A. The district court denied Castillo-Pena's motion for judgment of acquittal, and we affirm the judgment.

I.

Castillo-Pena was charged with violating 18 U.S.C. § 911 and 18 U.S.C. § 1028A, "[d]uring in or about January 13, 2010." Trial testimony detailed events spanning several decades. Government witness Yolanda Bernal identified the defendant as her ex-husband. They began dating in 1987 after Castillo-Pena had entered the United States from Nicaragua.

They had a son together in 1989, married in 1992, and divorced in 1995.

In 1991, Bernal served as a witness to Castillo-Pena's first documented immigration proceeding. An Immigration and Naturalization Service agent interviewed Castillo-Pena who provided a sworn affidavit that his "true and correct name is Humberto Jose Castillo-Pena," that he was born in Nicaragua, and that he remained a Nicaraguan native and citizen. As part of the proceeding, the INS agent fingerprinted and photographed Castillo-Pena. At trial, Bernal identified her ex-husband in the photograph and his signature on the affidavit and fingerprint card.

Bernal testified that after she and Castillo-Pena divorced, the defendant informed her that he had changed his name and should now be referred to as Erick Cardona. The government introduced into evidence a passport application in the name of Erick Cardona and argued to the jury that Castillo-Pena was the person in the photograph included in the application. The birthplace, birth date, and social security number listed on the application matched those of the real Erick Cardona, a United States citizen born in Puerto Rico. Cardona testified that he never gave anyone permission to use his name, place of birth, birth date, or social security number, and that he had never met Castillo-Pena.

Castillo-Pena's indictment arose from an interview on January 13, 2010, with Cindy Yang, a special agent for Immigration and Customs Enforcement (ICE), in the course of her investigation of Castillo-Pena for deportation. According to Agent Yang, when she approached the defendant and addressed him as Humberto Castillo, he responded "Why are you calling me that?" She answered, "Because that's your name," and he rejoined, "No, it's not."

During the interview, Agent Yang kept open Castillo-Pena's file, with a document appearing to be Erick Cardona's

Puerto Rican birth certificate visible on top. Yang described the following exchange: "He looked at [the certificate] and he said, 'That's real.' . . . And I said 'Well, it might be real, but it's not yours.' And he said 'Yes, that's mine. That's me.'" Castillo-Pena proceeded to misrepresent to Yang that his own son's birth certificate listed Erick Cardona as his father, but that he did not have a son born in 1989 and had never been married. Yang fingerprinted the defendant and the prints were later matched to those taken during Castillo-Pena's 1991 interview with the Immigration and Naturalization Service.

At the end of the interview, as Agent Yang explained, "I told him, well, if you would like to make a statement that you are a U.S. citizen, we can do that, and he said yes, I would like to." When Yang next took out a piece of paper, and Castillo-Pena "realized [Yang] meant . . . a written sworn statement, he said I don't want to sign anything without my lawyer present." Over the course of her investigation, Yang discovered no documents to indicate that Castillo-Pena was at any point a U.S. citizen.

After the government rested its case, the defendant moved for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure, claiming that the government had failed to prove essential elements of both counts charged in the indictment. The district court took the motion under advisement and after instructions and closing arguments, the jury returned a guilty verdict on each count. The district court then issued an order denying the defendant's motion for judgment of acquittal, which we review *de novo* on appeal. *See United States v. Osborne*, 514 F.3d 377, 385 (4th Cir. 2008).

II.

A.

With respect to count one of the indictment, Castillo-Pena was convicted of "falsely and willfully represent[ing] himself

to be a citizen of the United States." 18 U.S.C. § 911. We "must sustain the [jury's] verdict if there is substantial evidence, viewed in the light most favorable to the Government, to uphold the jury's decision." *Burks v. United States*, 437 U.S. 1, 17 (1978); *see United States v. Perkins*, 470 F.3d 150, 160 (4th Cir. 2006). To sustain a conviction under § 911, the government was required to prove beyond a reasonable doubt that the defendant falsely represented himself to be a U.S. citizen and that his misrepresentation was willful.[1] The jury had ample basis to conclude that the government satisfied its burden.

As a threshold matter, we note that the government introduced considerable evidence that Castillo-Pena was not in fact a citizen of the United States. In addition to Agent Yang's testimony that she uncovered no documents to suggest that Castillo-Pena was ever a citizen, Bernal witnessed her ex-husband in 1991 sign an affidavit before a U.S. immigration agent confirming his Nicaraguan nationality and citizenship and his true name, Humberto Jose Castillo-Pena. ICE matched Castillo-Pena's fingerprints from the 1991 proceeding with the defendant's prints taken on January 13, 2010.

Castillo-Pena argues, however, that the government did not demonstrate that he made a direct claim of U.S. citizenship to Agent Yang on January 13, 2010. Specifically, he contends that when Yang asked him whether he would like to make a statement that he was a U.S. citizen, and he responded, "yes, I would like to," this did not constitute a false representation of U.S. citizenship, but rather a statement of future intent to make a claim of citizenship.

---

[1]The Ninth Circuit has identified another element necessary for a § 911 violation, that the misrepresentation be "conveyed to someone with good reason to inquire into [the defendant's] citizenship status." *United States v. Karaouni*, 379 F.3d 1139, 1142 & n.7 (9th Cir. 2004). We need not consider whether this limiting factor is required to convict under § 911 because Agent Yang was investigating Castillo-Pena for deportation and therefore unquestionably had good reason to inquire into his citizenship.

But whether Castillo-Pena's answer constituted a present claim to citizenship—and what he intended to communicate with his response—was a dispute appropriately evaluated by the jury as trier of fact. The jury was instructed that to convict the defendant under § 911, "[t]he statements must be that the defendant stated or claimed to be a citizen of the United States." A motion for judgment of acquittal is not the place to relitigate a factual argument carefully considered and rejected by the jury at trial. As our court has emphasized, it is "[t]he jury, not the reviewing court, [which] weighs the credibility of the evidence . . . and if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc) (quoting *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994)).

The government argued to the jury that Castillo-Pena's statement adopted as fact the supposition of U.S. citizenship embedded in Agent Yang's question. To the extent Castillo-Pena's affirmative response was susceptible to competing interpretations, it was reasonably understood by the jury as an assertion by the defendant both that he was in fact a U.S. citizen and was inclined to make a written statement to that effect in the future. It is not our function to "determine[ ] that another, reasonable verdict would be preferable," *id.*, nor is it our role to "substitute a 'raw judgment call'" for the jury's verdict, *id.* at 860.

Context matters in these cases. The context in which Castillo-Pena made his statement supports the jury's conclusion that the defendant willfully misrepresented himself as a U.S. citizen. Castillo-Pena asks us to consider his words in isolation but "[c]ritical to our review of sufficiency challenges is the complete picture that the evidence presents." *Id.* at 863. The defendant's statement was made during an ICE interview, the purpose of which was to determine his entitlement to remain in the United States. Castillo-Pena had every incentive to avoid admitting his alien status, and he went to consider-

able lengths to conceal his identity as a Nicaraguan citizen during the hour-long interview. In addition to denying that his name was Castillo-Pena, he misrepresented his marital history, denied that he had a son born in 1989, and insisted that the birth certificate of Puerto Rican-born, U.S. citizen Erick Cardona was his own.

Castillo-Pena's fabrications during the interview were consistent with the government's evidence that he had attempted to appropriate Erick Cardona's U.S. citizenship by applying for a U.S. passport using Cardona's name and information. Viewing the evidence in the light most favorable to the government, Castillo-Pena's misrepresentations on January 13, 2010 were not inadvertent but the culmination of a plotted effort to steal the identity of a U.S. citizen that spanned years. The "cumulative context," *id.*, therefore provided a substantial foundation for the jury's conclusion of willful misrepresentation.

## B.

Contrary to Castillo-Pena's insistence, the jury's verdict is consistent with decisions in other circuits that require a direct claim of U.S. citizenship to sustain a conviction under 18 U.S.C. § 911. Castillo-Pena points out that several courts of appeals have vacated convictions under 18 U.S.C. § 911 in circumstances where a claim of U.S. citizenship was not stated explicitly but could be inferred. *See, e.g.*, *United States v. Karaouni*, 379 F.3d 1139 (9th Cir. 2004); *United States v. Anzalone*, 197 F.2d 714 (3d Cir. 1952). Whether these cases were properly resolved as a matter of law is something we need not address. For these decisions do not call into question the jury's finding that Castillo-Pena's statement constituted a direct claim of American citizenship.

For example, the Ninth and Seventh Circuits have held it insufficient as a matter of law to convict a defendant for making a false representation of citizenship based on a claim of

having been born in the United States. *See United States v. Franklin*, 188 F.2d 182, 187-88 (7th Cir. 1951) (vacating two counts of conviction predicated on statements by the defendant that he was born in New York); *Smiley v. United States*, 181 F.2d 505, 506 (9th Cir. 1950) (same with respect to one count of conviction);[2] *United States v. Weber*, 185 F.2d 479, 479 (7th Cir. 1950) (holding that the defendant's statement on an employment application that he was born in Chicago, Illinois was insufficient to sustain a conviction under § 911).

The jury's verdict accords with these decisions. The district court specifically instructed the jury that "[i]f the defendant said he was born in a state or territory of the United States, then this statement is insufficient to constitute a claim of United States citizenship." Juries "are presumed to follow their instructions," *Richardson v. Marsh*, 481 U.S. 200, 211 (1987), and Castillo-Pena has given us no reason to doubt that the jury here adhered to the district court's directive.

In addition, this case is unlike *Anzalone*, 197 F.2d 714, where the defendant signed a certificate that he was qualified to vote in a general election but made no overt reference to citizenship, and *Karaouni*, 379 F.3d 1139, where the defendant represented only that he was *either* a citizen or a national of the United States. In contrast to the circumstances underlying the vacated convictions in those two cases, Castillo-Pena was asked a direct question pertaining exclusively to his U.S. citizenship status. And unlike *Karaouni* and *Anzalone*, where "[o]nly by way of interpretation and indirection . . . can it be said that [the defendant] represented himself to be a citizen of the United States," *Anzalone*, 197 F.2d at 717, Castillo-Pena's response was reasonably understood as expressly confirming that he was in fact a U.S. citizen.

---

[2]*Franklin* and *Smiley* concerned convictions under 8 U.S.C. § 746 (1940), the predecessor statute to 18 U.S.C. § 911.

The nature of Castillo-Pena's response is therefore most like those representations of citizenship that the courts have recognized as sufficiently direct to sustain a conviction. *See Rodriguez v. United States*, 433 F.2d 964, 965 (9th Cir. 1970) (upholding § 911 conviction where defendant stated he was a citizen of the United States when asked "of what country are you a citizen?"); *Smiley*, 181 F.2d at 507 (holding that answer "Yes" to question "United States Citizen" was sufficient to support a count of conviction under 8 U.S.C. § 746); *Franklin*, 188 F.2d at 187 (upholding verdict that answer "I am" to question "Are you a citizen of the United States?" was a violation of 8 U.S.C. § 746). Contrary to Castillo-Pena's insistence, none of these decisions identify talismanic words, absent here, that the defendant must utter to violate the statute. The jury was appropriately instructed that to convict Castillo-Pena it must find that he "stated or claimed to be a citizen of the United States." It suffices that the evidence adequately supported the jury's conclusion that such a statement was made.

## III.

In light of the foregoing discussion, it follows that sufficient evidence supported the jury's conviction of Castillo-Pena for aggravated identity theft under 18 U.S.C. § 1028A, which provides, "[w]hoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." 18 U.S.C. § 1028A(a)(1); *see United States v. Abdelshafi*, 592 F.3d 602, 607 (4th Cir. 2010) (discussing the elements of a § 1028A(a)(1) violation). Subsection (c) enumerates 18 U.S.C. § 911 as a qualifying predicate felony offense. 18 U.S.C. § 1028A(c).

Appellant does not challenge the government's extensive evidence that Castillo-Pena knowingly and unlawfully used

the identity of Erick Cardona. Rather, Castillo-Pena argues that he did not commit the predicate felony offense of falsely claiming U.S. citizenship. Because we uphold the jury's conviction of Castillo-Pena for violating 18 U.S.C. § 911, Castillo-Pena has no leg to stand on. We therefore affirm the jury's judgment that Castillo-Pena unlawfully appropriated the identity of Erick Cardona in relation to his willful effort to falsely claim U.S. citizenship.

Finding Castillo-Pena's claims to be without merit, the judgment of the district court is

*AFFIRMED*.