**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1666**

JOANMARY DAVIS,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  March 15, 2012          Decided:  March 30, 2012

Before AGEE, DAVIS, and FLOYD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Alexander M. Chanthunya, Silver Spring, Maryland, for Petitioner.  Tony West, Assistant Attorney General, Holly M. Smith, Senior Litigation Counsel, Kathryn L. Moore, UNITED STATES DEPARTMENT OF JUSTICE, Office of Immigration Litigation, Washington, DC, for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joanmary Davis, a native and citizen of Tanzania, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the order of the immigration judge ("IJ") pretermitting her application for adjustment of status upon the IJ's finding that she falsely represented herself to be a United States citizen in order to gain an immigration benefit. We deny the petition for review.

An alien "who falsely represents, or has falsely represented, himself to be a citizen of the United States for any purpose or benefit under this chapter . . . or any Federal or State law is deportable." 8 U.S.C. § 1227(a)(3)(D)(i) (2006); see also Rodriguez v. Mukasey, 519 F.3d 773, 777 (8th Cir. 2008) (an alien who falsely represented himself to be a United States citizen in order to procure private employment has falsely represented himself for a benefit or purpose under the INA); see generally United States v. Casillo-Pena, --- F.3d ---, No. 10-5080 (4th Cir. March 22, 2012). The Government bears the burden of establishing by clear and convincing evidence that an alien who was admitted to the United States is removable. 8 U.S.C. § 1229a(c)(3)(A) (2006).

In order to establish prima facie eligibility for adjustment of status, an alien must show she is admissible. See 8 U.S.C. § 1255(a) (2006). An alien who falsely represents

2

herself to be a United States citizen in order to gain a benefit under the law is inadmissible. See 8 U.S.C. § 1182(a)(6)(C)(ii)(I) (2006).

No decision on removability is valid "unless it is based upon reasonable, substantial, and probative evidence." 8 U.S.C. § 1229a(c)(3)(A). This court's review of a final order of removal, however, is limited. See 8 U.S.C. § 1252(b) (2006). This case turns on factual findings, which are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (2006).

We conclude that the evidence before the IJ supports her finding, by the applicable clear and convincing standard, that Davis falsely represented herself to be a United States citizen in order to gain employment. Davis was not eligible for employment. However, the IJ found that she sought employment and completed the employee portion of the Form I-9. The form was signed by Davis and the box indicating that she was a national or United States citizen was checked. She also provided documents establishing her identity and eligibility to work. While she denied checking the box indicating she was a national or citizen, other evidence showed that Davis told a special agent with the DHS that she checked the box because she was married to a citizen. This, along with other evidence, led to the IJ's adverse credibility finding, which we conclude is

3

supported by substantial evidence.  See Djadjou v. Holder, 662 F.3d 265, 273 (4th Cir. 2011) (stating standard of review). Based on the evidence of record, we conclude that the immigration judge did not err in her finding that Davis falsely represented herself to be a United States citizen in order to gain employment.  Accordingly, Davis was removable and not eligible for adjustment of status.

We deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED