**UNITED STATES of America,**

v.

**Enrique MARTINEZ–BAEZ,
(True Name: Amaurys
Aybar–Aybar).**

**No. 2013–1074–RBC.**

United States District Court,
D. Massachusetts.

March 1, 2013.

Page Kelley, Federal Public Defender Office, Boston, MA, for Enrique Martinez–Baez.

Thomas E. Kanwit, United States Attorney's Office, Boston, MA, for United States of America.

### MEMORANDUM AND ORDER

COLLINGS, United States Magistrate Judge.

The case came on for a preliminary hearing pursuant to Rule 5.1(a), Fed. R.Civ.P. The issue is whether on the facts, there is probable cause to believe that the defendant made a false claim of United States citizenship in violation of 18 U.S.C. § 911.

The facts are undisputed. On January 24, 2013, Homeland Security Investiga-tions Special Agents ("agents") executed a federal search warrant at Apartment 102, 142 Pleasant Valley Street, Building 60, Methuen, Massachusetts. Upon entering the apartment, agents found the defendant in the living room. Although the agents had no reason to suspect that the defen-dant would be at the apartment before they entered and found him there, they searched him and located his wallet on his person. In the wallet was a Massachu-setts Identification Card in the name of Carlos Rodriguez and a Social Security card in the names of Carlos Moises Rodri-guez Velez.[1] A Spanish-speaking agent then asked the defendant in Spanish his name and where he was born and he re-plied that his name was Carlos Rodriguez and he was born in Puerto Rico. It is this last statement that he was born in Puerto Rico which forms the basis of the alleged criminal violation. The theory is that a person born in Puerto Rico is a United States citizen by birth, and, thus, by stat-ing that he was born in Puerto Rico, the defendant was falsely claiming to be a United States citizen.[2]

There is no doubt that the defendant's statement that he was born in Puerto Rico was knowingly made, that the agents had a right to inquire on the matter, and there is probable cause to believe that the defen-dant made the statement with the intent to make the agents think that he was a Unit-ed States citizen rather than someone who was in the country illegally. The question is one of law—i.e., is stating that you were born in the United States to make some-one believe that you are a citizen, without

---

1. At the initial appearance on February 19, 2013, defendant's counsel informed the Court that the defendant's true name is Amaurys Abyar–Abyar.

2. Later during a subsequent interview on scene, the defendant admitted that he was from the Dominican Republic and that his true name was Enrique Martinez–Baez. He further admitted that he entered the United States in Texas about two years ago and was brought across the border by an alien smug-gler to whom he paid $7,000.

more, a violation of the statute? Based on prior law it is not.

The leading case on point is *Smiley v. United States,* 181 F.2d 505 (9 Cir.), *cert. denied,* 340 U.S. 817, 71 S.Ct. 48, 63, 95 L.Ed. 601 (1950). In that case, the Ninth Circuit reversed two convictions of violations under the predecessor statute of 18 U.S.C. § 911[3] when, during booking procedures at local police departments, the defendant made the following statements: (1) that he was born in New York and lived in the United States all his life, and (2) that he answered "yes" to the question as to whether he was a "citizen". The conviction was affirmed as to his answer "yes" to the question as to whether he was a "United States Citizen". *Smiley,* 181 F.2d at 506–507. The Court held that the first statement was insufficient to sustain a conviction because:

> A person may be born in the United States and remain therein for life and yet not be a citizen and while it may be that an officer, upon being informed by one whom he has under arrest that he, the party in custody, was born in the United States and had lived therein all his life, would conclude that the person he was interrogating was a citizen of the United States, it would be no more than a conclusion reached without the necessary supporting facts.

*Smiley,* 181 F.2d at 506.

The second statement, answering "yes" to the word "citizen", was insufficient to support the conviction because it does not ". . . establish that he falsely represented himself to be a citizen of the United States"; presumably he could be a "citizen" of some other country. *Id.*

The third statement, which the Court was sufficient was the answer "yes" to the questions as to whether he was a "United States Citizen" made to a deputy sheriff of Los Angeles when he was being booked after an arrest. *Id.* at 507. The statement was conceded to be false; the argument before the Court was whether the sheriff was a ". . . person . . . hav[ing] good reason to inquire into the nationality status" of the defendant. *Id.* The Court found that the sheriff was such a person.[4]

So the *Smiley* case draws the distinction. A statement as to place of birth or a statement that one is a citizen (without specifying United States citizenship) without more does not constitute as violation of the statute. Subsequent cases have adhered to this distinction, and although the *Smiley* case is over sixty years old, it is still good law.

In the case of *United States v. Weber,* 185 F.2d 479 (7 Cir., 1950), the Court of Appeals for the Seventh Circuit held that a statement in an application for employment that the defendant was born in Chicago, Illinois was insufficient to support a conviction under the statute. *Weber,* 185 F.2d at 479. A year later the same court in *United States v. Franklin,* 188 F.2d 182 (7 Cir., 1951), reversed convictions on two counts (Counts 1 and 5) of an indictment.[5] The first count alleged that in an interview with FBI agents the defendant was asked where he was born and he replied falsely New York City. *Franklin,* 188 F.2d at 184. The fifth count involved a statement in an employment application in which he represented that he was born in New York City. *Id.* at 185. The reversal was based on the *Smiley* and *Weber* precedents. *Id.* at 187–188.

---

3. Title 8 U.S.C. § 746 (1940).

4. Likewise, I find that the agents in the instant case had good reason to inquire into the nationality status of the defendant.

5. As in the *Smiley* case, the convictions in the *Franklin* case were based on the predecessor statute to § 911, i.e., Title 8 U.S.C § 746 (1940).

The First Circuit had occasion to deal with this issue in the case of *United States v. Rodriguez Serrate,* 534 F.2d 7 (1 Cir., 1976). In that case, the defendant challenged two counts brought under 18 U.S.C. § 911 which were based on the defendant's "... attempt to enter the United States as a citizen ..." at an airport in Puerto Rico when he presented "a false Puerto Rican birth certificate as evidence of his asserted citizenship status." *Id.* at 11. This case can be distinguished from the instant case as it was clear that at the time, the affirmative acts the defendant took were clearly for the purpose of (falsely) claiming United States citizenship since the conduct occurred "... at a checkpoint where an immigration official was seeking to determine the nationality of arriving passengers ..." and "[g]iven this context, the [defendant's] act was sufficient to constitute a violation of" the statute. *Id.* (citing *Franklin,* 188 F.2d 182 (additional citations and footnote omitted)). The "context" is that the defendant was clearly claiming United States citizenship to obtain a benefit only available to citizens and that the presentation of the birth certificate (indicating where the defendant was born) was an integral part of the claim. Merely stating falsely that you were born in the United States, without more, does support of conviction under the statute.

In *United States v. Castillo–Pena,* 674 F.3d 318 (4 Cir., 2012), a conviction under the statute was affirmed when the defendant, among other things, falsely represented to Immigration and Nationality Service in an interview that a certain Puerto Rican birth certificate was his. The interview was conducted in order "... to determine his entitlement to remain in the United States ..." *Id.* at 321. The Court noted that "[i]n addition to denying that his name was Castillo–Pena, he misrepresented his marital history, denied that he had a son born in 1989, and insisted that the birth certificate of Puerto Ri-

can-born U.S. citizen Erick Cardona was his own." *Id.* at 321–322. The Court further noted that the trial judge gave an instruction that " '[i]f the defendant said he was born in a state or territory of the United States, then this statement is insufficient to constitute a claim of United States citizenship' " and as a result, "[t]he jury's verdict accords with [the *Smiley, Weber* and *Franklin* ] decisions." *Id.* at 322.

In the Court's view, the facts of this case are more closely analogous to the facts set forth in the *Smiley, Weber* and *Franklin* decisions, and that, as a matter of law, the defendant's statement that he was born in Puerto Rico is insufficient to support a violation of 18 U.S.C. § 911. Accordingly, I find that the Government's evidence does not establish probable cause.

It is ORDERED that the Complaint (# 1) be, and the same hereby is, DISMISSED. The defendant is DISCHARGED in the instant case and may be turned over to the authorities who have placed a detainer against the defendant with the U.S. Marshals.