**UNITED STATES v. THOMPSON.**

No. 9711.

District Court, M. D. Pennsylvania.

June 23, 1939.

JOHNSON, District Judge.

The defendant entered a plea of not guilty to an indictment of twenty-four counts charging him with aiding and abetting Earl B. Hess, Assistant Cashier of the

Nescopeck National Bank, in the embezzlement of certain funds of the bank in violation of 12 U.S.C.A. § 592. He was tried before the court and a jury on March 30, 1939, and a verdict of guilty was returned on all counts of the indictment. He has moved for a new trial and has advanced 28 reasons in support thereof.

■ The first twelve reasons allege that the court erred in admitting certain records in evidence, and in admitting the testimony of the Government Accountant, Mr. Gerdes. The records complained of are the records of the Sinclair Refining Company, and of the Nescopeck National Bank. These records were admissible under the Act of June 20, 1936, 28 U.S.C.A. § 695, which provides that records made in the regular course of any business, at the time of the act or occurrence, or within a reasonable time thereafter, are admissible in any court of the United States; and that "all other circumstances of making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility."

■ The testimony of the Government Accountant is objected to on the ground that he stated his conclusions which were based upon a study made by him of the records in question. The witness qualified as an expert, and under the circumstances it was proper to allow the testimony. A competent person who has examined extensive and complicated books or records may collate their contents and testify to results.

■ The thirteenth reason alleges that it was error to admit evidence of transactions barred by the Statute of Limitations. There is no merit in this contention. The evidence admitted had to do with the events leading up to the charges set out in the indictment, and showed one continuous series of transactions beginning with shortages in 1933 and leading up to the close of the bank in 1937. It was proper for the jury to consider this evidence as part of the circumstances surrounding the acts charged in the indictment, and as bearing on the defendant's intent. United States v. Breese, D.C., 131 F. 915, 924; Fall v. U. S., 60 App.D.C. 124, 49 F.2d 506, 512, certiorari denied, 283 U.S. 867, 51 S. Ct. 657, 75 L.Ed. 1471.

■ The 14th, 15th, 16th, 17th, 18th and 19th reasons refer to the cross-examination of the defendant on payments made to Mrs. Filer, and the comments of the Government Attorney on this evidence. This was admissible on cross-examination as tending to show a motive on the part of the defendant. In criminal cases the cross-examination of the defendant may go into the entire subject matter involved. Stewart v. U. S., 9 Cir., 211 F. 41, 48.

■ The 20th reason alleges that it was improper for the Government Attorney to comment upon the fact that the defendant did not call his accountant to contradict the testimony of the Government Accountant. The witness in question was present in court, and had probably knowledge of the facts to which the Government Accountant testified. Under these circumstances the comments of the Government Attorney were not improper. United States v. Candler, D.C., 65 F. 308.

The 21st reason alleges that "the learned Court erred in allowing the United States Attorney, in his close to the jury, to use in argument exhibits not in evidence." The defendant does not point out any particular exhibits to which this exception is directed and consideration of the entire record discloses no basis for this exception.

■ The 22nd reason alleges that the court erred in reading the defendant's 13th request for charge to the jury, and then denying it. The defendant was not prejudiced by this action, and consequently has no ground to complain.

■ The 23rd reason alleges that the court erred in allowing the jury to take the indictment with them when they retired to deliberate on the case. In this connection, the jury was instructed that the indictment was not evidence of the truth of the charges contained therein, and that it was merely to be considered as setting forth the formal charges against the defendant. The indictment contained 120 pages, and 24 counts. Under these circumstances there was no error. Capriola v. U. S., 7 Cir., 61 F.2d 5.

■ The 24th reason alleges that "the learned Court erred in instructing the jury to return a sealed verdict by 10:00 A. M., Thursday, the 30th day of March, 1939." There is no merit in this contention. The court told the jury on adjournment on Wednesday afternoon, March 29, 1939, that when they arrived at a verdict they should seal it and bring it into the court on Thursday morning, March 30, 1939 at

10:00 o'clock, A. M. The clear implication of the instruction was that the verdict was to be returned at that time, if the jury had agreed. Furthermore, the jury in fact brought in their verdict the night of March 29th. Therefore, the jury was not coerced by the instruction.

There is no fact on record to show that the jury considered exhibits which were not offered in evidence, as alleged in the twenty-fifth reason. This is also true of the twenty-eighth reason, which alleges after-discovered evidence without setting out its nature.

A careful search has revealed no law which requires all of the jurors to sign the verdict as alleged in defendant's twenty-seventh reason. The defendant had the right to poll the jury, and was so advised by the court. However, this right was waived by his counsel.

No substantial error is disclosed after careful consideration of all of defendant's exceptions, and a careful examination of the record. The defendant had a full and fair trial, and was given the benefit of every reasonable doubt. The court's charge to the jury was full and complete, no exceptions were taken to it, and no further explanations or instructions were requested. Consequently, the motion for a new trial must be over-ruled, and a new trial refused.

And now, June 23, 1939, the defendant's motion for a new trial is over-ruled, and a new trial is refused.