## COLT v. UNITED STATES.
### No. 11725.

Circuit Court of Appeals, Fifth Circuit.
Nov. 27, 1946.

Bart A. Riley and A. C. Dressler, both of Miami, Fla., for appellant.

H. S. Phillips, U. S. Atty., of Tampa, Fla., and Fred Botts, Asst. U. S. Atty., of Miami, Fla., for appellee.

Before SIBLEY, HUTCHESON, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

Colt was indicted for knowingly and falsely representing himself to be a citizen of the United States on certain dates in the early part of 1942 at Miami, Florida, in registering to vote there, and in his questionnaire under the Selective Service Act, 50 U.S.C.A.Appendix, § 301 et seq. These written representations under oath of citizenship were proven. As to his not being a citizen it was shown that he was married on Long Island, New York, in 1923, and in his application for a license he stated he was born in Romania. His divorced wife testified that he told her he was born in Romania and came to the United States at the age of four years. In two applications for insurance policies in 1929 his birthplace was given as Romania. On this evidence a motion for acquittal was made and overruled, one ground being that there was no evidence that the defendant was not naturalized. No evidence was introduced by the defendant. The jury convicted, and this appeal followed.

The motion ought to have been granted. All counts of the indictment follow the statute, 8 U.S.C.A. § 746 (18),* in alleging that the defendant, being an alien did then and there "Knowingly to falsely represent himself to be a citizen of the United States without having been naturalized or admitted to citizenship, and without otherwise being a citizen of the United States." That the defendant was not in 1942 a citizen by naturalization or otherwise is of the essence of the offense. By the general rule of criminal trials the presumption is of innocence, and the Government has the burden of proving all essential

---

* The statute makes it a felony, for an alien or other person "Knowingly to falsely represent himself to be a citizen of the United States without having been naturalized or admitted to citizenship, or without otherwise being a citizen of the United States."

allegations beyond a reasonable doubt. Coffin v. United States, 156 U.S. 432, 15 S.Ct. 394, 39 L.Ed. 481; Cochran v. United States, 157 U.S. 286, 15 S.Ct. 628, 39 L.Ed. 704; Kirby v. United States, 174 U.S. 47, 19 S.Ct. 574, 43 L.Ed. 890. In 20 Am.Jur., Evidence, Sec. 149, we read: "The general rule as to the burden of proof in criminal cases requires the prosecution to prove beyond a reasonable doubt the essential elements of the offense with which the accused is charged; and if the proof fails to establish any of the essential elements necessary to constitute a crime the defendant is entitled to an acquittal." And in Sec. 150: "In criminal cases the law requires that the State shall prove all the essential facts entering into the description of a crime, and where the charge is grounded on a negative proposition or where that negative proposition is an essential element of the crime the burden is on the State to prove the charge. * * * But where a negation is peculiarly within the knowledge of the defendant the burden is on him to establish that fact." Among the cases cited to the latter quotation is Conyers v. State, 50 Ga. 103, 15 Am.Rep. 686, where the charge was, in the statutory language, that the accused permitted a minor to play billiards without the consent of his parent or guardian; and it was held on cogent reasoning that the want of such consent must be proven by the state. See also Rumph v. State, 119 Ga. 121, 45 S.E. 1002. In Rossi v. United States, 289 U.S. 89, 53 S.Ct. 532, 533, 77 L.Ed. 1051, the question was as to the sufficiency of the evidence to sustain a prosecution for having a still, set up without registering it, there being no direct evidence that it was not registered, but only that it was set up and operating in a dwelling house. The court called attention to the fact that the statute prohibited the use of any still in a dwelling, so that it could not have been registered lawfully, and then considered whether there was an inference of non-registration which would require the defendant to prove registration, saying: "The general principle, and we think the correct one * * * is that it is not incumbent on the prosecution to adduce positive evidence to support a negative averment *the truth of which is fairly indicated by established circumstances* and which, if untrue, could readily be disproved by the production of documents or other evidence probably within the defendant's possession or control." (Emphasis added.) The trouble here is that there are no circumstances which fairly indicate that Colt has never been naturalized. According to the Fourteenth Amendment one may be a citizen of the United States either by being born subject to the jurisdiction thereof, or by being naturalized. To show by his own admissions or otherwise that Colt was born in Romania some forty years ago fairly shows that he was not born a citizen of the United States (there being no suggestion of exceptional circumstances), but it falls short of showing that he has not since been naturalized. Naturalized persons nearly always were born aliens, else there would be no need to naturalize them. It appears that Colt has lived in the United States at least since 1923, around New York City and in Miami, and that he claimed to have come from Romania when four years old. He could have become a citizen when a minor by the naturalization of his parents, if they brought him to this country, or after he came of age on his own application. The proof does not show that in 1942 he had not become a citizen. There is no admission from him that he was not then a citizen, and we have his sworn statements that he was. Nor can it be said the matter of his naturalization is peculiarly within his own knowledge, for the circumstances indicate that he may have been naturalized along with his parents when so young as to know nothing about it; or if naturalized when of age it would be by the act of the Government through its appointed agencies and made of public record, and the duplicates of his declaration and petition were required to be filed with the Bureau of Naturalization, and its examiner was under duty to attend and assist. The Government should know who has been naturalized and who has not.

■■ The argument is that having been shown to have been born in Romania and so not a citizen of the United States, it is

*to be presumed* that this status continued in the absence of proof to the contrary, and Hauenstein v. Lynham, 100 U.S. 483, 25 L.Ed. 628, is cited as being on the very point of citizenship. That, however, was a civil case where presumptions, especially for shifting the burden of going forward with the evidence, are quite freely indulged. United States ex rel. Meyer v. Day, 2 Cir., 54 F.2d 336, is also cited, but that was a deportation case, and not a trial for crime. In a criminal trial the burden ordinarily never shifts. Sometimes by statute such presumptions are validly created in criminal cases, as in Mugler v. Kansas, 123 U.S. 623, 8 S.Ct. 273, 31 L.Ed. 205; and in Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904; but if arbitrary and unreasonable they may deny due process of law, as was held in Morrison v. California, 291 U.S. 82, 54 S.Ct. 281, 78 L.Ed. 664, also cited by appellee. It may be that if the criminal statute here involved had undertaken by creating a presumption of continued alienage to require one who is alien born to show naturalization as a defense, the presumption would be upheld as not arbitrary; but this statute is so worded as to require proof by the prosecution of non-naturalization. The usual proof by inspection of the records in the Bureau of Naturalization or of the courts in the localities where Colt is known to have lived in the United States could be made in this case. Indeed the transcript shows that the district attorney stated before closing his case that he had a witness from the Bureau of Naturalization by whom he could prove that Colt had not been naturalized, but did not think it necessary to use him. Since there is no direct evidence that Colt had not been naturalized, and the proven circumstances do not reasonably exclude but are consistent with naturalization, we are of opinion that it cannot be said Colt's guilt is shown beyond a reasonable doubt.

The judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.