## CAMPA v. UNITED STATES.

### No. 11711.

Circuit Court of Appeals, Fifth Circuit.

Dec. 3, 1946.

Dave Watson, of San Antonio, Texas, for appellant.

James McCollum Burnett, U. S. Atty., Joel W. Westbrook, Asst. U. S. Atty., and Henry W. Moursund, Sp. Asst. to Atty. Gen., all of San Antonio, Tex., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant was indicted on two counts charging that he was an alien and that he had falsely represented himself to be a citizen of the United States without having been naturalized and duly admitted to citizenship. Not denying, indeed admitting, that he had represented himself to be a citizen, defendant denied that he was an alien, and insisted that he had been born in the United States. Convicted and sentenced on both counts, he has appealed.

There was no motion to direct a verdict, there were no exceptions to the charge. The only ground of appeal is the insuffi-

ciency of the evidence to prove appellant guilty beyond a reasonable doubt.

The record standing thus, the judgment may not be reversed unless an examination of the evidence discloses that justice has miscarried, that is that there is no substantial evidence; that appellant had falsely represented himself to be a citizen; that he was an alien; and that he had not been naturalized. The record is replete with official statements made by appellant as to his alienage. Among them is a sworn Declaration of Intention to become a citizen, filed in the United States District Court, Western District of Texas, San Antonio. This stated, "I was born in Losancos, Jalisco, Mexico, in 1884, I now reside in San Antonio, Texas. * * * It is my intention in good faith to become a citizen of the United States. * * *" Another is his World War No. 1 draft registration card dated September 11, 1918, in which defendant registered as a declarant alien, a citizen of Mexico. A third is an authenticated copy of a marriage certificate issued to defendant, reciting among other things that he was a native of Guadalajara, Jalisco, Mexico. A fourth is a birth certificate of defendant's daughter, reciting her birth to defendant, "a native of Guadalajara, Jalisco," and his wife, "a native of Pesqueria Chico, N. Leon". There was also introduced a poll tax certificate issued to him upon his representation that he was of Mexican nationality but naturalized. In addition, oral testimony was offered, as to statements made by defendant that he had been born in Mexico, and as to statements, not denied by defendant, that in 1931 he had admitted to a special agent of the Federal Bureau of Investigation that he was not a citizen of the United States, that he was an alien, that he had entered from Mexico through the port of Laredo, Texas, that he had filed his first papers but had not completed them, had let them lapse.

Against this array of proof, defendant offered in support of his claims that he was a native born citizen of the United States, only his own testimony and that of his brother that their mother had told them that defendant was born in Brownsville.

In Colt v. United States, 158 F.2d 641, this court has had occasion to discuss fully the nature and quantum of proof required to support a conviction of the offense charged here. We reversed the judgment there for the complete absence of proof as to whether defendant had been naturalized. Here, while the proof would have been more complete if the government had followed up the declaration of intention with evidence that it had been allowed to lapse and no certificate of naturalization had ever issued to defendant, the evidence was yet ample to support the verdict that he was an alien and that he had not been naturalized.

The judgment was right. It is affirmed.