**UNITED STATES v. COHEN.**
Cr. No. 12197.

District Court, W. D. Pennsylvania.
July 29, 1947.

W. Wendell Stanton, Asst. U. S. Atty., of Pittsburgh, Pa., for the Government.

Joseph A. Rossi, of Pittsburgh, Pa., for defendant.

WALLACE S. GOURLEY, District Judge.

The defendant, Nathan Cohen, alias Larry Cohen, on the basis of an information filed by the Government, with approval of the Court, was tried and convicted for a violation of General Ration Order No. 8 and the Second War Powers Act as amended, 50 U.S.C.A.Appendix, § 633.

The provisions of the Second War Powers Act granting power to issue regulations making unlawful the possession of sugar ration coupons other than as prescribed in regulations did not constitute unconstitutional delegation of legislative power. Lotto v. United States, 8 Cir., 157 F.2d 623.

The defendant has filed a motion for a new trial and motion in arrest of judgment, said motions setting forth as follows:

"Motion for New Trial

And now, to-wit, this 7th day of June, 1946, comes Nathan Cohen, by his attorney, Joseph A. Rossi, Esquire, and moves the Court for a new trial in the above entitled case for the following reasons:

1. The verdict is against the evidence.

2. The verdict is against the law.

3. The verdict is against the weight of the law and the evidence.

4. The Court erred in refusing to grant instructions of acquittal at the termination of the government's case.

And for other reasons which the defendant will assign after the transcription of the testimony heard in this case."

\* \* \* \* \* \*

"Motion in Arrest of Judgment

And now, to-wit, this 7th day of June, 1946, comes the defendant, Nathan Cohen, by his attorney, Joseph A. Rossi, Esquire, and moves the Court to arrest the judgment in the above entitled case for the following reasons:

1. That the verdict is against the evidence.

2. That the verdict is against the law.

3. That the verdict is against the weight of the law and the evidence.

4. That the Court erred in refusing to grant instructions of 'not guilty' at the termination of the government's case.

And for such additional reasons as the defendant will present after the transcription of the testimony in this case."

\* \* \* \* \* \*

"Additional Reasons in Support of Motion in Arrest of Judgment

And now, to-wit, this 16th day of July, 1946, comes the defendant, Nathan Cohen, by his attorney, Joseph A. Rossi, Esquire, and moves the Court to arrest the judg-

ment in the above entitled case for the following additional reasons:

5. The Court erred in permitting introduction of testimony of alleged violations other than that of May 26, 1945, as alleged in the original information. (Testimony—pages 19, 20, 21).

6. The Court erred in permitting the instant case to be submitted to the jury in the absence of the introduction of any stamps alleged to have been possessed and transferred by the defendant to the witness Fenton.

7. The Court erred in permitting the instant case to be submitted to the jury in the absence of proof being adduced by the Government, whose burden it was, admitting that the alleged violation took place, that the defendant did not have a right to transfer said stamps; except on the testimony of one witness of the local office of the Office of Price Administration that said defendant was not a registered dealer in this particular locale, it not being incumbent upon the defendant to disprove, but being incumbent on the Government to prove."

The Information filed against the defendant with leave of the Court is as follows:

"Charles F. Uhl, United States Attorney for the Western District of Pennsylvania, who, for the said United States of America in this behalf prosecutes in his own proper person, comes into the Court on this 30th day of November, A. D. 1945, and files this Information and gives the Court to understand and be informed that:

1. Nathan Cohen, alias Larry Cohen, hereinafter referred to as the defendant, resides at 340 Craft Avenue, Pittsburgh, Pennsylvania.

2. Under the authority vested in the Administrator of the Office of Price Administration by Executive Order No. 9125, April 7, 1942, Directive No. 1 of the War Production Board and Food Directive No. 3, issued by the Secretary of Agriculture, General Ration Order No. 8 (General Prohibitions, Penalties and Conditions) was issued on March 25, 1943, effective April 15, 1943, as amended.

3. Section 2.6 of General Ration Order No. 8 provides as follows: 'No person shall acquire, use, permit the use of, transfer. possess or control a ration document except the person or the agent of the person to whom such ration document was issued or by whom it was acquired in accordance with a ration order or except as otherwise provided by a ration order.'

4. On or about the 26th day of May, A. D. 1945, after the effective date of the said Regulation and while the same was in full force and effect, at Glenshaw, in the County of Allegheny, in the Western District of Pennsylvania, and within the jurisdiction of this Court, the said defendant did unlawfully, wilfully and knowingly possess, use and transfer to an agent of P. H. Butler Company Store No. 1056, located at 1107 Mt. Royal Boulevard, Glenshaw, Pennsylvania, approximately two hundred (200) loose sugar ration stamps, the said defendant not being the person or the agent of the person to whom such ration stamps were issued and not having acquired such ration stamps in accordance with a ration order or as otherwise provided by a ration order, in violation of the said General Ration Order No. 8 and the Second War Powers Act as amended; contrary to the statute and regulations in such cases made and provided and against the peace and dignity of the United States of Americaa.

Wherefore, said Attorney, in behalf of the United States, prays consideration by the Court of the foregoing Information and that due process of law may be awarded against the defendant in this behalf, to make answer to the United States touching and concerning the same."

"Order

And now, to wit, this 30th day of November, A. D. 1945, it appearing that there is probable cause therefor, leave is granted and the within Information is ordered to be filed.

By The Court"

On the basis of the charge set forth in the Information, it is the contention of the Government that on or about the 26th day of May, 1945, the defendant did unlawfully, wilfully and knowingly possess, use and transfer to an agent of P. H. Butler Company Store No. 1056, located at 1107 Mt. Royal Boulevard, Glenshaw, Pennsylvania, aproximately 200 loose sugar ration

stamps, said defendant not being the person or the agent of the person to whom such ration stamps were issued and not having acquired such ration stamps in accordance with a ration order or as otherwise provided by a ration order, in violation of Ration Order No. 8 and the Second War Powers Act as amended.

In support of the claim made in the Information, the Government called the Manager of the P. H. Butler Store hereinbefore referred to, who testified in substance that the defendant first came to said store in April or May of 1945, and purchased 1,000 to 1,200 pounds of sugar, and gave the Manager sufficient ration stamp coupons for the sugar purchased. The Government offered proof that the defendant had been to the store for the purpose of similar purchases on three or four occasions. The witness for the Government subsequently stated the defendant first came to said place of business a few days before Decoration Day, or on or about May 26, 1945, and returned at an interval of two or three weeks on two or three occasions. In other words, it was testified that the defendant had come to said place of business on three or four occasions, the first occasion being May 26, 1945, and the other occasions two or three weeks apart subsequent to said date. The witness could not recall how many times sugar was delivered to the defendant on each occasion other than May 26, 1945, and on the last occasion when the defendant visited the place of business, which was either in May or June, 1945, the defendant received 1,500 pounds of sugar. On this occasion although the defendant was given 1,500 pounds of sugar, when the coupons were counted, he was approximately 200 pounds short.

Although the defendant objected to evidence being offered as to the subsequent offenses other than the offense which it was alleged occurred on or about May 26, 1945, the Government was persistent in its position that the evidence was relevant and on the basis of the position taken by the Government, the Court permitted said evidence to be introduced.

In other words, under the testimony introduced by the Government, there was presented to the jury evidence that the defendant on or about the 26th day of May, 1945, received from the P. H. Butler Company 1,000 to 1,200 pounds of sugar, and transferred ration coupons unlawfully secured at the time of said purchase. In addition thereto, the evidence indicates that during the last part of May or June, 1945, the defendant secured 1,500 pounds of sugar from the P. H. Butler Company and was short ration stamp coupons for approximately 200 pounds, and that the coupons presented at the time said purchase was made had not been issued to the defendant and were, therefore, unlawfully secured.

It is the contention of the defendant that error arose in permitting the Government to offer testimony of an additional offense, or of more than one substantive offense; that is, other than the offense set forth in the Information on or about the 26th day of May, 1945.

The general rule is that when a defendant is put on trial for one offense, evidence of a distinct offense not connected with that in the indictment is not admissible. While this is a general rule, the exceptions are so numerous that it has been said "It is difficult to determine which is the more extensive, the doctrine or the acknowledged exceptions". The general rule does not apply where the evidence of the other offense directly tends to prove the crime charged in the indictment, or when a complete account of the offense charged and the defendant's connection therewith cannot be given, without disclosing the particulars of such other acts, or when it is so connected and intermingled with the crime charged as to form one entire transaction, and proof of one involves proof of the other. Johnston v. United States, 9 Cir., 22 F.2d 1.

An additional exception to the rule which excludes evidence of other offenses is made in cases in which the evidence offered has a natural tendency to corroborate or supplement admitted direct evidence. Hass v. United States, 9 Cir., 31 F.2d 13, 15.

Furthermore evidence of closely related transactions, though involving distinct acts or crimes other than those set

forth in the information, are clearly admissible on the issue of intent and to establish a common scheme or plan. Lotto v. United States, 8 Cir., 157 F.2d 623.

■ The statute of limitations for an action of this nature was 3 years, and since time was not of the essence in the prosecution, the Government was not bound to show that the crime was committed on the date laid in the indictment or to show the exact date on which it was committed. In other words, the Government was not bound to establish that the alleged crime occurred on the 26th day of May, 1945, but would have been permitted to prove and establish that the alleged crime occurred on any date between the filing of the Information on the 30th day of November, 1945, and during the period of 3 years prior thereto. "18 U.S.C.A. § 582, Act of December 27, 1927, c. 6, 45 Stat. 51" Allred v. United States, 9 Cir., 146 F.2d 193, 195; Cornett v. United States, 8 Cir., 7 F.2d 531; Weeks v. Zerbet, Warden, 10 Cir., 85 F.2d 996.

■ However, the Government would be confined to the proof of one substantive crime during said period of 3 years prior to November 30, 1945, and it was prejudicial to permit the Government to prove the commission of more than one substantive offense during said period of time since the information did not set forth that the alleged offense occurred on or about May 26, 1945, or at divers times before or subsequent thereto; the Information contained the phrase "on or about the 26th day of May, 1945".

Relevant evidence does not become incompetent because it incidentally proves that the accused has committed an independent crime. There is no way that a prosecutor is to know when he has satisfied the jury on a main issue of a case; it is a mystery which the bar and the court would be grateful to have solved. It is, therefore, competent for the Government, under proper circumstances and appropriate instructions from the Court, to permit evidence of other crimes, if it so desires, to prove the intent, state of mind, plan or scheme of the defendant in the particular offense for which he is being tried. United States v. Glory Blouse & Sportswear Co., 2 Cir., 158 F.2d 880.

■ In this case the same person to whom the sugar ration coupons were transferred during the latter part of May, 1945, testified that on at least two or three other occasions, occurring within two or three weeks subsequent to the first purchase; the last business dealing, however, during the end of the month of May or beginning of the month of June, 1945, being the only one recalled other than the first occasion. Testimony in the record, and which was presented to the jury, indicates at least the commission of two substantive offenses by the defendant, and the evidence as to the second offense was only proper for the jury to consider on the question of the defendant's intent concerning the ration coupons charged in the Information. In addition thereto, the jury should have been instructed that the evidence as to the other offense or offenses must be established by evidence which is plain, clear and conclusive; this being necessary before the jury could infer guilty intent therefrom in connection with the offense charged in the Information. In other words, in this case evidence of an offense other than the one set forth in the Information as being "on or about May 26, 1945", was admissible to show a fraudulent plan, scheme, design or intent on the part of the defendant in transferring the sugar ration coupons on or about May 26, 1945. Henderson v. United States, 9 Cir., 143 F.2d 681.

■ Evidence which is relevant to prove one crime is not incompetent because it discloses commission of another. United States v. Rubenstein, 2 Cir., 151 F.2d 915; Miller v. United States, 9 Cir., 47 F.2d 120.

■ Relevant evidence is not made inadmissible because it tends to prove another distinct offense, especially where the evidence related to the other offense tends to show a general scheme or plan to violate the law or where it has a natural tendency to corroborate or supplement admitted direct evidence. Under these circumstances an exception is made to the general rule excluding evidence of other offenses.

In this case I believe that error exists for the reason that the jury was permitted to pass upon the guilt of the defendant with evidence existing in the record as to the commission by the defendant of more than one substantive offense.

The evidence in this case would be admissible to show the general scheme, plan or intent of the defendant as to the commission of the offense set forth in the Information. However, before the jury could infer guilty intent in connection with the offense set forth in the Information, the other offenses must be established by evidence which is plain, clear and conclusive.

Since I believe that error exists, the motion for a new trial is granted. The Clerk of Courts is directed to place this proceeding as Case No. 1 on the Criminal Trial List to be presented for the consideration of the Court at the November Term, 1947.