## UNITED STATES v. ANZALONE.

### No. 10642.

United States Court of Appeals
Third Circuit.

Argued March 4, 1952.

Decided June 24, 1952.

Thomas D. McBride, Philadelphia, Pa. (Premo J. Columbus, Pittsburgh, Pa., Herbert F. Holmes, Jr., Philadelphia, Pa., on the brief), for appellant.

Edward C. Boyle, Pittsburgh, Pa., for appellee.

Before BIGGS, Chief Judge, and MARIS and McLAUGHLIN, Circuit Judges.

BIGGS, Chief Judge.

The question presented by this appeal is a narrow one. Did Anzalone falsely and willfully represent himself to be a citizen of the United States in violation of Section 911,[1] Title 18 U.S.C., when on November 2, 1948, he signed and filed a Voter's Certificate,[2] required by the Election Code of Pennsylvania, 25 P.S.Pa. § 3050. A jury found Anzalone guilty and the court below sustained the judgment of conviction. 100 F.Supp. 987. Anzalone has appealed. We conclude that the court below was in error and should have granted Anzalone's motion for judgment of acquittal. Rule 29, F.R. Crim.P., 18 U.S.C.

There can be no question that on October 5, 1940, Anzalone represented that he was a citizen of the United States when he signed and filed a Pennsylvania Voter's Registration Card as required by the Pennsylvania Code, 25 P.S.Pa. § 951–17.[3] In this he swore that he was a citizen of the United States. See also 25 P.S.Pa. § 2811. But any indictment based on that offense was barred by the applicable statute of limitations by the end of 1943. Section 3282, Title 18 U.S.C. The United States therefore relies and must rely on the representations of the Voter's Certificate executed by Anzalone in 1948.

Article VIII, Section 1, of the Pennsylvania Constitution, P.S. defines the qualifications an elector must have, as does 25 P.S.Pa. § 2811. The statute is quoted below and it is in substantially the terms of the Constitution of Pennsylvania.[4] The United States prosecuted Anzalone upon the

1. Section 911 provides: "Whoever falsely and willfully represents himself to be a citizen of the United States shall be fined not more than $1,000 or imprisoned not more than three years, or both."

2. As follows:
"Voter's Certificate
General Election, November 2, 1948
I hereby certify that I am qualified to vote at this General Election.
Signature ........................
Address .........................
　　　　　　　street
Borough
City of ............... Pennsylvania
Township
District ........................
　Approved:
................................
　Name or Initials of Election Officer Making Comparison of Voter's Signature with District Register Card.
　In case of physical disability fill out the following: I hereby certify elector is unable to sign his or her name by reason of the following disability: ........
　　　　Signature of Election Officer."
See 25 P.S.Pa. § 951–36(f).

3. The registration affidavit requires the elector to swear: "I hereby swear, or affirm, that I am a citizen of the United States, that on the day of the next election I shall be at least twenty-one years of age, and shall have resided in the State of Pennsylvania for one year (or, having previously been a qualified elector or a native born citizen of the State, and having removed and returned, then six months) next preceding said election, and in the election district two months, that I am legally qualified to vote, that I have read (or have had read to me) the foregoing statements made in connection with my registration and that they are true and correct."

4. Section 2811 provides:
"Every citizen of this Commonwealth twenty-one years of age, possessing the following qualifications, shall be entitled to vote at all elections, provided he or she has complied with the provisions of the acts requiring and regulating the registration of electors:
"(1) He or she shall have been a citizen of the United States at least one month.

theory that since he was required by law to sign a Voter's Certificate, if he was to vote,[5] and did so, he represented himself to be a qualified elector on November 2, 1948. Since under the provisions of Section 2811(1), runs the argument, Anzalone had to be a citizen of the United States to be qualified as an elector, he therefore represented himself to be a citizen of the United States on this occasion. This view found favor in the eyes of the court below, 100 F.Supp. 987, 990, relying by way of analogy largely on United States v. Franklin, 7 Cir., 188 F.2d 182, 187. Cf. United States v. Martinez, D.C.M.D.Pa., 73 F.Supp. 403, 405, and Fotie v. United States, 8 Cir., 137 F.2d 831.[6]

In the Franklin case, supra, 188 F.2d at page 187, in respect to counts 3 and 4, Franklin having been registered, voted in the primary and general elections and had signed an application for a ballot which, almost *in haec verba,* corresponded to the Voter's Certificate signed by Anzalone. This was as required by Illinois law. See Illinois Stats.Ann. Smith-Hurd, Ch. 46, § 5–29.[7] The application for the ballot required under Illinois law, Illinois Stats.Ann.

---

"(2) He or she shall have resided in the State at least one year (or, having previously been a qualified elector or native born citizen of the State, he or she shall have removed therefrom and returned, then six months) immediately preceding the election.

"(3) He or she shall have resided in the election district where he or she shall offer to vote at least two months immediately preceding the election."

See also 25 P.S.Pa. §§ 951, 951–17, 951–18, 951–19, 951–2(k).

5. It was not contended by the United States that the act of voting by Anzalone constituted misrepresentation of citizenship within the purview of the statute. Cf. United States v. Martinez, D.C.M.D. Pa., 73 F.Supp. 403.

6. See and compare also United States v. Weber, 7 Cir., 185 F.2d 479, and Smiley v. United States, 9 Cir., 181 F.2d 505, 506, certiorari denied 340 U.S. 817, 71 S. Ct. 48, 63, 95 L.Ed. 601, rehearing denied 340 U.S. 885, 71 S.Ct. 192, 95 L.Ed. 642.

7. "§ 5–29. Certificate of registered voter —Signature or mark—Comparison of signature—Challenges—Initialing certificates —Affidavits.

"Upon application to vote, except as hereinafter provided for absent electors, each registered elector shall sign his name or make his mark as the case may be, on a certificate substantially as follows:

" 'Certificate of Registered Voter
Town of ............................
District or Precinct Number ..........
City of ............................
Ward ............................
Precinct ............................
Village of ............................
Precinct ............................
Election ............................

(date) (Month) (year)
Registration record
Checked by ............................
Voter's number ............................
Instruction to Voters
Sign this certificate and hand it to the election officer in charge. After the registration record has been checked, the officer will hand it back to you. Whereupon you shall present it to the officer in charge of the ballots.

I hereby certify that I am registered from the address below and am qualified to vote.
Signature of voter ............................
Residence address ............................'

"Certificates as above prescribed shall be furnished by the county clerk for state and county elections; by the township clerk for township elections, and by the clerks of cities, villages and incorporated towns for city, village and incorporated town elections.

"The judges in charge of the precinct registration files shall compare the signature upon such certificate with the signature on the registration record card as a means of identifying the voter. Unless satisfied by such comparison that the applicant to vote is the identical person who is registered under the same name, the Judges shall ask such applicant the questions for identification which appear on the registration card and if the applicant does not prove to the satisfaction of a majority of the judges of the election precinct that he is the identical person registered under the name in question then the vote for such applicant shall be challenged by a Judge of Election, and the same procedure followed as provided by law for challenged voters.
\* \* \* \* \* \*
1943, May 11, Laws 1943, vol. 2, p. 1, § 5–29; 1943, July 23, Laws 1943, vol. 2, p. 281, § 1." Illinois Stats.Ann. Smith-Hurd, Ch. 46, § 5–29.

Smith-Hurd, Ch. 46, § 5–29, gave Franklin voting status and entitled him to vote in substantially the same manner as 25 P.S.Pa. § 951–36(a) [8] conferred voting status upon Anzalone.

We have studied Judge Finnegan's excellent opinion in the Franklin case with care and what he has said is entitled to great weight but we feel constrained to reach a different result. Under the law of Pennsylvania, as evidenced by Section 951–36(a), quoted herein in footnote 8, an elector who has been registered and signs his name and address to a Voter's Certificate, is entitled to vote in the district of his registration " * * * unless it be shown to the satisfaction of the election officers that he has become disqualified by removal from the district since registration, or that he has violated any law of * * * [the] Commonwealth [of Pennsylvania] prohibiting bribery at elections * * * ", or his signature on his application for a ballot is not the same as that shown on his registration. In short, when Anzalone signed the Voter's Certificate he represented only that he was the individual who had registered, that he had not removed from the voting district and that he had not violated any Pennsylvania law prohibiting bribery. Conversely his right to vote could be challenged successfully only if he had become disqualified to vote by removal from the district since registration or had violated a law of the Commonwealth relating to bribery or his signature on the Voter's Certificate was not the same as that shown on his Registration Card.[9] Only by way of interpretation and indirection, by relating the Voter's Certificate back to the Registration Card, can it be said that Anzalone represented himself to be a citizen of the United States.[10] In order to hold Anzalone guilty of the crime prohibited by the federal Act, Section 911, Title 18 U.S.C., it is necessary to construe the law of Pennsylvania in such a way as to treat the Voter's Certificate as a direct representation of United States citizenship. So construed the federal statute would incur the peril of unconstitutionality. The crime described would be half in and half out of the federal jurisdiction, cognizable partially in terms of a state statute. Cf. United States v. Brandenburg, 3 Cir., 144 F.2d 656, 154 A.L.R. 1160. Such an interpretation would seem to be so vague as to require the condemnation expressed by the Supreme Court in United States v. L. Cohen Grocery Co., 255 U.S. 81, 41 S.Ct. 298, 65 L.Ed. 516. See

8. Section 951–36(a) provides:
"Any person whose name is in the district register of any election district in any borough, town or township, and who, upon applying to vote, shall have signed his name and address to a voter's certificate, in the form hereinafter provided for, as a means of identification, and whose signature thereon shall have been compared by the election officers in the presence and view of the watchers, with the signature of the applicant as recorded in the district register and shall have been deemed authentic by said election officers, shall be entitled to vote in such district at any general, municipal or special election, unless it be shown to the satisfaction of the election officers that he has become disqualified by removal from the district since registration, or that he has violated any law of this Commonwealth prohibiting bribery at elections: Provided, That if the signature on the voter's certificate, as compared with the signature as recorded in the district register, shall not be deemed authentic by any of the election officers, such elector shall not be denied the right to vote for that reason, but shall be considered challenged as to identity, and required to make the affidavit and produce the evidence as provided in subsection (e) of this section."

9. It is not alleged that the signature on Anzalone's Voter's Certificate was not the same as that shown on his Registration Card.

10. The Permanent Registration Act of Pennsylvania, 25 P.S.Pa. §§ 951–44(a)– (n), contains fourteen separate sanctions to prevent misconduct at registration and at the polls. It is this act which delineates both registration and voting certificate procedure. We think it significant that by 25 P.S.Pa. §§ 951–44(d) it is criminal to knowingly misstate voting qualifications at registration, yet no sanction is specifically directed to misstatements in Voting Certificates. The same may be said of the sanctions afforded by the Election Code. See 25 P.S.Pa. §§ 3501–3552.

also United States v. Petrillo, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877.

The provisions of Section 911 of Title 18 U.S.C., are, however, pellucid. The statute must be construed as its face requires. Accordingly we hold that a conviction under Section 911 requires a direct representation by the accused that he is a citizen of the United States. Since this is lacking in the instant case we must reverse the court below.

· This disposition relieves us of the necessity to discuss or determine other questions raised by the parties to the appeal.

The judgment of conviction will be reversed and the cause will be remanded with the direction to the court below to enter a judgment of acquittal.