### RIDER v. COMMISSIONER OF INTERNAL REVENUE.

No. 14522.

United States Court of Appeals, Eighth Circuit.

Dec. 31, 1952.

Stanley M. Rosenblum, St. Louis, Mo. (James V. Dunbar, St. Louis, Mo., on the brief), for appellant.

Harry Marselli, Sp. Asst. to the Atty. Gen. (Charles S. Lyon, Asst. Atty. Gen. and Ellis N. Slack and Robert N. Anderson, Sp. Assts. to the Atty. Gen. on the brief), for respondent.

Before GARDNER, Chief Judge, and WOODROUGH and COLLET, Circuit Judges.

GARDNER, Chief Judge.

This is a petition to review a decision of the Tax Court redetermining deficiencies in petitioner's income taxes for the years 1945, 1946 and 1947. The question presented to the Tax Court for decision was whether the income from certain contracts with book publishers received by the taxpayer was taxable as ordinary income or as capital gains.

Taxpayer is a professor of mathematics at Washington University, located in St. Louis, Missouri, and has held that position since 1917, and as such has been engaged in the teaching profession. He has devoted all the time necessary in connection with his duties as a regularly employed full-time professor. In his spare time he has composed and written a number of books based upon notes which he had made from time to time and upon his experience as a teacher of mathematics. He has prepared and sold manuscripts for a number of books, some nine in number, to various publishers. Some were copyrighted by him, while others were copyrighted by the pub-

lishers. From 1923 to 1935 he was accumulating material but not writing. In order to get a manuscript published the taxpayer would work over his notes which he had used in the classroom, prepare a manuscript, send it to a publishing company which would look it over and decide whether or not they would publish it. This was done with each manuscript in question here. On the average he required about three years to prepare a manuscript. Securing the publication of such a manuscript was beneficial to him in securing promotion as a teacher.

In the taxable years here involved he maintained an office in his home which he used in his writing, although the University furnished him an office in connection with his teaching work, but he found it more convenient to work in preparation of his manuscripts at his home. In his income tax returns for the years here involved, he deducted expenses of maintaining this office in his home, and in these returns labelled these deductions as expenses "for purpose of producing taxable income." The expenses so claimed and deducted by the taxpayer were allowed by the Commissioner in the computation of the taxable income. During the years here involved he received from the sale of his manuscripts the total sum of $27,279.53. As compensation for teaching and for certain services rendered by him to the War Department during the same years, he received the sum of $21,103.07. He reported the income from publications as long term capital gains, while the Commissioner treated it as ordinary income. The Tax Court held that during the years involved taxpayer was in the trade or business of teacher-writer, and held that his manuscripts constituted property held primarily for sale to customers in the ordinary course of his trade or business.

It was the contention of taxpayer before the Tax Court and he renews that contention here, that his occupation, trade, or profession was that of a teacher and that he indulged in writing for publication as a hobby or for the purpose of enhancing his position in his chosen work as a teacher.

It is not the province of this court to retry the issues that were presented to the Tax Court. It was the province of that court to determine the facts. Whether petitioner's manuscripts were held by him primarily for sale to customers in the ordinary course of his trade, business, or profession was a question of fact. Friend v. Commissioner, 10 Cir., 198 F.2d 285; Mauldin v. Commissioner, 10 Cir., 195 F.2d 714.

The trial court having found this issue of fact in favor of the Commissioner we must accept that finding as presumptively correct and are not at liberty to set it aside unless it is clearly erroneous. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A.; Aetna Life Ins. Co. v. Kepler, 8 Cir., 116 F.2d 1; Builders Steel Co. v. Commissioner, 8 Cir., 197 F.2d 263.

We are not impressed with the argument that petitioner in the preparation and sale of his manuscripts for publication was simply indulging in a hobby. He had published some nine books and in pursuit of this occupation of preparing manuscripts he maintained an office for the rent or upkeep of which he claimed and received deductions in the gross amount of $1,658.06 for the years here involved on the representation that the expense was "for purpose of producing taxable income." These facts seem to us entirely inconsistent either with the theory that petitioner was following a hobby or that he was pursuing this occupation simply as an incident to his profession as a teacher. He was producing income and his manuscripts as prepared by him were sold for the purpose of producing income. The mere fact that petitioner was a teacher certainly did not preclude him from indulging in other activities producing income. One may engage in more than one occupation, calling, or business at the same time. Friend v. Commissioner, supra; King v. Commissioner, 5 Cir., 189 F.2d 122.

We conclude that the findings of the Tax Court are amply sustained by the evidence and they in turn sustain the judgment sought to be reviewed. The petition to review is therefore dismissed and the decision of the Tax Court affirmed.