**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10030 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00127-LJO-BAM-1 |
| v. | |
| ANTONIO RODRIGUEZ GUIDO, AKA Catarino Gerardo Saldana Molina, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted January 16, 2014
San Francisco, California

Before: O'SCANNLAIN, GRABER, and NGUYEN, Circuit Judges.

Antonio Rodriguez Guido appeals his convictions under 18 U.S.C. § 641 for

theft of government property and under 18 U.S.C. § 1028A(a)(1) for aggravated

identity theft. He challenges the sufficiency of the evidence supporting his

conviction on each count.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

In 1968, Guido applied for and obtained a Social Security number in the name of Catarino Gerardo Saldana Molina. During his working years, Guido worked and paid Social Security taxes under the number issued to his alias. Between 2002 and 2010, Guido received more than $100,000 in Social Security benefits under his alias. During this period, Guido also submitted various forms to the Social Security Administration under his alias.

To prove theft of government property under § 641, the government must establish beyond a reasonable doubt that: (1) the defendant knowingly stole money or property with the intention of depriving the owner of the use or benefit of it; (2) the money belonged to the United States; and (3) the value of the money exceeded $1,000. *United States v. Derington*, 229 F.3d 1243, 1248 (9th Cir. 2000). "[E]vidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Mincoff*, 574 F.3d 1186, 1192 (9th Cir. 2009) (internal quotation marks omitted).

The government's proof is insufficient in two respects. The government established beyond a reasonable doubt that Guido represented himself to be someone he is not. But the government offered no proof that, due to such

2

misrepresentations or for some other reason, Guido was ineligible to receive the benefits he earned by paying Social Security taxes during his working years.

Moreover, even assuming that Guido were ineligible to receive Social Security benefits, the government failed to prove beyond a reasonable doubt, as required, that he knew himself to be so ineligible. *See United States v. Morissette*, 342 U.S. 246, 270–71 (1952); *cf. Derington,* 229 F.3d at 1249. Although the government proved that Guido knew himself not to be Catarino Gerardo Saldana Molina, it failed to prove that he knew he was therefore ineligible to receive benefits earned under his alias. Because the government failed to prove beyond a reasonable doubt that Guido knowingly received benefits not belonging to him, we reverse his conviction under § 641.

Guido's conviction under § 1028A was predicated upon his conviction under § 641. *See* 18 U.S.C. § 1028A(a)(1). Because we reverse Guido's conviction for the predicate offense, theft of government property under § 641, we also reverse his conviction for aggravated identity theft under § 1028A.

We need not and do not reach the remaining issues raised on appeal.

**REVERSED.**