**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10316 |
| Plaintiff-Appellee, | D.C. No.<br>2:12-cr-00463-JCM-VCF-3 |
| v. | |
| JACQUELINE LOUISA GENTLE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10318 |
| Plaintiff-Appellee, | D.C. No.<br>2:12-cr-00463-JCM-VCF-5 |
| v. | |
| CAROLYN SHELMADINE WILLIS-CASEY, | |
| Defendant-Appellant. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| UNITED STATES OF AMERICA, | No. 16-10330 |
|---|---|
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00463-JCM-VCF-1 |
| v. | |
| FREDERICK VERNON WILLIAMS, | |
| Defendant-Appellant. | |

Appeals from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted February 7, 2018
San Francisco, California

Before: THOMAS, Chief Judge, and TASHIMA and CHRISTEN, Circuit Judges.

Defendants-Appellants Jacqueline Gentle, Carolyn Willis-Casey, and Frederick Williams appeal their convictions and sentences. We affirm all three convictions. We also affirm Williams' and Willis-Casey's sentences. We vacate Gentle's sentence and remand for resentencing.

1. The district court did not err by denying Williams' motion for a *Franks* hearing. *Franks v. Delaware*, 438 U.S. 154 (1978). Contrary to the government's suggestion at oral argument, if Agent Roland knew the cooperating witness had a motive to lie, he was obligated to inform the magistrate judge. *See United States v. Ruiz*, 758 F.3d 1144, 1149 (9th Cir. 2014). But Williams did not

2

make a "substantial preliminary showing" that Roland "knowingly and intentionally, or with reckless disregard for the truth" withheld any such information when he sought a warrant to search the Soledad Way home, nor did he establish that this disclosure would have changed the court's probable cause analysis. *See Franks*, 438 U.S. at 155–56.

The district court also did not err by denying Williams' motion to suppress evidence seized at Soledad Way. We discern no clear error in the magistrate judge's finding of probable cause to issue a search warrant given the information connecting Williams to the property and the nature of the evidence sought. *See United States v. Krupa*, 658 F.3d 1174, 1177 (9th Cir. 2011).

Finally, the district court did not err by ruling on Williams' motion to suppress without conducting an evidentiary hearing. Although we require such hearings when the moving papers "show that there are contested issues of fact relating to the lawfulness of a search," *United States v. Mejia*, 69 F.3d 309, 318 (9th Cir. 1995), Williams identifies no such factual issues on appeal and focuses instead on the legal significance of undisputed facts.

2.     The district court did not abuse its discretion by denying Williams' and Gentle's motions to sever their trials. "[T]here is a strong preference in the federal system for joint trials," and we conclude that a joint trial here was not

3

"manifestly prejudicial." *United States v. Decoud*, 456 F.3d 996, 1008–09 (9th Cir. 2006). The district court instructed the jury to consider each Defendant's guilt separately, and the jury convicted each Defendant on some but not all counts. The jury's selective verdict indicates it was able to compartmentalize the evidence. *United States v. Stinson*, 647 F.3d 1196, 1205 (9th Cir. 2011).

3.     The district court did not abuse its discretion by declining to hold several sidebars during trial, and the record does not support "an abiding impression that the jury perceived an appearance of advocacy or partiality." *United States v. Laurins*, 857 F.2d 529, 537–38 (9th Cir. 1988). In addition, the district court gave a curative instruction, which we have said may alleviate an appearance of partiality. *United States v. Scott*, 642 F.3d 791, 800 (9th Cir. 2011).

Nor did the district court prevent Williams and Gentle from presenting their defenses. "The right to present a defense is clearly fundamental," but defendants "must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *United States v. Waters*, 627 F.3d 345, 354 (9th Cir. 2010) (citations omitted). As to Gentle, the district court acted within its discretion by excluding the pretrial hearing transcript and the Clark County Department of Family Services Report, and we reject Gentle's attempt to "constitutionalize" these evidentiary arguments.

*Id.* at 353.  Neither ruling prevented Gentle from presenting the substance of her defense theory.  *See id.* at 354.  So too for Williams.  His passing mention of Nicole Shore while examining another witness does not establish that the district court excluded Shore.  Nor did the district court abuse its discretion by excluding expert testimony from Professor Stevens.  *See* Fed. R. Evid. 702(a).  As with Gentle, neither ruling prevented Williams from presenting the substance of his defense theory.  *See Waters*, 627 F.3d at 354.

Finally, the district court did not prevent Williams from cross-examining Roland, Steve Zuelke, and James Buck.  During Williams' cross-examination of each witness, the district court did not exclude areas of inquiry, but instead limited the scope of questioning within given areas.  *See United States v. Larson*, 495 F.3d 1094, 1101, 1103–04 (9th Cir. 2007) (en banc).  As to Zuelke and Buck, the district court acted within its discretion by limiting Williams' questioning after the interrogations became "repetitive" and "marginally relevant."  *Id.* at 1101.  The district court limited Williams' recross of Roland about the Belizean vital statistics office, but did not prevent Williams from following up on the topic when he called Roland during his case-in-chief, and the court's ruling did not leave the jury with insufficient information to assess Roland's credibility.  *See id.* at 1103.

4.     The district court did not violate Williams' or Gentle's rights under the Confrontation Clause.  Government Exhibit 275 was testimonial given the circumstances of its creation.  *See United States v. Rojas-Pedroza*, 716 F.3d 1253, 1267 (9th Cir. 2013).  But unlike in *Bullcoming v. New Mexico*, 564 U.S. 647, 661–62 (2011), the government's witness in this case was no mere "surrogate" for another person's forensic analysis; she effectively "retest[ed]" the overpayment amounts and then testified to the results of her own analysis.  *Id.* at 666 (plurality opinion).

We reject Gentle's suggestion that the contents of her A-File were testimonial because her A-File contained "adverse actions."  We review Confrontation Clause challenges on a statement-by-statement (rather than document-by-document) basis.  *Rojas-Pedroza*, 716 F.3d at 1268.  We have held that some A-File contents, like warrants of removal, are not testimonial even though they may be adverse to the subject's interests.  *Id.*  Gentle identifies no particular statements to which she takes exception.

5.     We affirm the myriad evidentiary rulings that Defendants challenge on appeal.  The district court did not abuse its discretion by admitting Prudence Swift's passport application, the documents seized from Soledad Way, Denise Williams' welfare application or several bank records over Williams' relevance

6

objections. The welfare application was relevant to Cordero Charles' credibility and the passport application was relevant because, among other reasons, Swift could obtain a passport only as a consequence of Williams' claim of citizenship. The Soledad Way documents and bank records were conditionally admitted, and Williams never moved to strike them. *See Huddleston v. United States*, 485 U.S. 681, 690 n.7 (1988). We review for plain error Williams' arguments that this evidence ran afoul of Rules 403 and 404(b) because he did not object on those grounds at trial. *See United States v. Archdale*, 229 F.3d 861, 864 (9th Cir. 2000). Williams does not argue that the challenged evidence affected his substantial rights, so he has not carried his burden under plain error review. *See United States v. Olano*, 507 U.S. 725, 734–35 (1993). The same is true of the evidence to which Williams concedes he did not object below. On appeal, Williams argues that the evidence should not have been admitted, but he does not articulate how its admission affected his substantial rights. *See id.*

The district court also did not abuse its discretion by permitting some evidence and testimony regarding Deon Gentle. Although the district court denied Gentle's motion in limine to exclude all evidence of Deon, the court did not give the government carte blanche to introduce irrelevant information about him. Deon's 2006 passport application was relevant to Gentle's knowledge of falsity.

7

The district court did not abuse its discretion by declining to strike Government Exhibit 239 at Willis-Casey's request after it was admitted without objection. The IRS records custodian authenticated the exhibit and laid an adequate foundation for its admission. The records custodian's testimony that no physical document underlies Government Exhibit 239 defeats Willis-Casey's best evidence rule objection. *See* Fed. R. Evid. 1001(d). Willis-Casey's argument on appeal focuses on whether Government Exhibit 239 was admissible as a business record under Rule 803(6). Because she did not make this argument in the district court, we review for plain error. *See United States v. Hayat*, 710 F.3d 875, 893–94 (9th Cir. 2013). We conclude that any error was not plain, given Willis-Casey's exclusive reliance on out-of-circuit authority.

Finally, the district court did not abuse its discretion by permitting the government to question Charles about the welfare application on cross-examination, *see* Fed. R. Evid. 611(b), or by permitting the government to ask Buck about notices of monetary determination on redirect-examination. District courts enjoy wide latitude in their control over the scope of witness examination, *see United States v. Goode*, 814 F.2d 1353, 1355 (9th Cir. 1987), and Williams' speculation about the government's motives on redirect does not call into question the district court's exercise of its discretion.

8

6. The district court did not permit a fatal variance between the indictment and proof at trial as to Count 1. We are unable to see how any inconsistency between "E. Williams" born in 1959 and "Eric Lee Williams" born in 1958 affected Williams' substantial rights. *See United States v. Von Stoll*, 726 F.2d 584, 587 (9th Cir. 1984).

Williams contends that Instruction 25, which gave the elements of Count 9, constructively amended the indictment. Because Williams did not object to the instruction, we review only for plain error. *United States v. Hugs*, 384 F.3d 762, 766 (9th Cir. 2004). Unlike the instruction in *United States v. Ward*, 747 F.3d 1184, 1191–92 (9th Cir. 2014), the instruction for Count 9, read in context, required the jury to find a conspiracy to commit substantive mail fraud. *See United States v. Moran*, 493 F.3d 1002, 1009 (9th Cir.) ("In evaluating jury instructions, [w]e consider how the jury would have reasonably understood the challenged instruction in the context of the instructions as a whole." (internal quotations marks omitted and alteration in original)). Given *Moran*, we conclude that even assuming there was error, the error was not plain.

7. Sufficient evidence supports Defendants' convictions. We review the evidence in the light most favorable to the prosecution and ask whether any

9

rational trier of fact could have found the essential elements of each crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Williams' convictions on Counts 2 and 8 are adequately supported. As to Count 2, unlike in *Smiley v. United States*, 181 F.2d 505 (9th Cir. 1950), and *United States v. Karaouni*, 379 F.3d 1139 (9th Cir. 2004), Williams' claim of citizenship could refer only to American citizenship in the context of the I-129 Petition. As to Count 8, we reject Williams' suggestion that Nevada's notary division lacked good reason to inquire about his citizenship. *See* Nev. Rev. Stat. § 240.015(1)(a) (requiring notaries public to be United States citizens or lawful permanent residents). Williams' arguments regarding Counts 1 and 3 fail because we reject his suppression and variance arguments. His arguments regarding Counts 28 and 29 likewise fail; the jury could find beyond a reasonable doubt that Williams carried out the scheme because he was the "representative payee" of his mother's benefits and "the money was sent to him." Finally, Williams' reliance on *United States v. Guido*, 554 F. App'x 631 (9th Cir. 2014), is misplaced. Williams does not find himself in the same position as the defendant in *Guido*, so we reject his challenges to his convictions on Counts 30, 32, and 33.[1]

_____

[1] Moreover, as an unpublished Memorandum, *Guido* carries no precedential force. *See* Ninth Cir. R. 36-3(a).

10

Gentle's convictions are also supported by sufficient evidence. On appeal, Gentle maintains her claim of innocent ignorance. She made the same claim before the jury and it did not find her credible. "When the defendant elects to testify, [s]he runs the risk that if disbelieved, the trier of fact may conclude that the opposite of [her] testimony is the truth." *United States v. Kenny*, 645 F.2d 1323, 1346 (9th Cir. 1981).

Finally, we affirm Willis-Casey's conviction on Count 20. On appeal, Willis-Casey argues her substantive mail fraud conviction cannot stand because no evidence establishes that she caused anything to be mailed. We disagree. Buck testified that Government Exhibit 31 and the related exhibits reflected the mailing of notices of monetary determination. Willis-Casey objected to Buck's testimony after he gave it, but she did not move to strike his response and the jury was instructed to consider "the sworn testimony of any witness." Moreover, Government Exhibit 32 taken alongside Zuelke's testimony permits a reasonable inference that such a notice was mailed.

8. We identify no errors that we nevertheless deem harmless, so the cumulative error doctrine is inapplicable. *Cf. United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir. 1996) (applying the cumulative error doctrine where multiple

11

errors rendered a "balkanized, issue-by-issue" approach ineffective for analyzing the overall impact of the errors).

9. Williams' sentence is neither procedurally nor substantively unreasonable. "We review the district court's interpretation of the [U.S. Sentencing] Guidelines de novo, the district court's application of the Guidelines to the facts of the case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Treadwell*, 593 F.3d 990, 999 (9th Cir. 2010). We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (en banc). The district court did not err by imposing a four-level enhancement under U.S.S.G. § 3B1.1(a) because Williams' fraud scheme was "otherwise extensive" given its use of many unknowing outsiders. *See* U.S.S.G. § 3B1.1, cmt. n.3. We are not left with a firm and definite conviction that the district court imposed a substantively unreasonable sentence. *See Ressam*, 679 F.3d at 1086.

For the same reason, we conclude that Willis-Casey's sentence is not substantively unreasonable. *See id.* We also conclude that the district court did not abuse its discretion when setting the amount of restitution it ordered Willis-Casey to pay. The district court considered Willis-Casey's individual characteristics and her involvement in the scheme.

12

We vacate Gentle's sentence and remand for resentencing. As the government acknowledges, the district court imposed a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1, but it did not make the required findings to support such an enhancement. *See United States v. Castro-Ponce*, 770 F.3d 819, 823 (9th Cir. 2014). On remand, the district court should also consider Gentle's eligibility for an adjustment under U.S.S.G. § 3B1.2. *See United States v. Aguilar Diaz*, No. 16-50102, 2018 WL 1220508, at *6 (9th Cir. 2018); *United States v. Quintero-Leyva*, 823 F.3d 519, 523–24 (9th Cir. 2016). We express no opinion on how the district court should decide the applicability of §§ 3B1.2 and 3C1.1 on remand.

**We affirm all three Defendants' convictions. We affirm Williams' and Willis-Casey's sentences. We vacate Gentle's sentence and remand for resentencing.**